**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 18, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID M. PRICE,

        Petitioner - Appellant,

v.

STATE OF KANSAS, ex rel.,
STEVEN N. SIX, Attorney General,

        Respondents - Appellees.

No. 09-3302
(D. Kansas)
(D.C. No. 5:09-CV-03190-WEB)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

This matter is before the court on David Price's pro se request for a certificate of appealability ("COA"). Price seeks a COA so he can appeal the district court's dismissal of his 28 U.S.C. § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A). Because Price has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

At the time of the filing of the instant § 2254 petition, Price was incarcerated pursuant to a judgment of the Kansas Supreme Court, which found him in indirect contempt for failing to cease the unauthorized practice of law.

The district court dismissed Price's § 2254 petition for lack of jurisdiction, concluding it was an unauthorized successive habeas petition. *See* 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). In particular, the district court noted Price had filed a previous § 2254 petition in the United States District Court for the District of Kansas on August 5, 2009; the district court had denied that petition on the merits on August 18, 2009; and Price had not appealed that decision.[1] Because Price failed to obtain permission from this court before filing the instant petition, the district court concluded it lacked jurisdiction. Furthermore, because the instant petition did not present any ground for relief not available at the time of the filing of Price's August 5th petition and did not assert any new claim that appeared meritorious, the district court declined to transfer the petition to this court under 28 U.S.C. § 1631. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) ("When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the

_____

[1]Price did eventually appeal from the denial of his August 5th § 2254 petition. This court, however, dismissed the appeal as untimely in an unpublished order. *Price v. Kansas*, No. 09-3268, at 2 (10th Cir. Dec. 15, 2009).

interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.").

The granting of a COA is a jurisdictional prerequisite to Price's appeal from the denial of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Price must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court denies a petition on procedural grounds, a COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As noted above, the district court dismissed Price's petition as an unauthorized second or successive § 2254 petition. This is a procedural ruling requiring a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (discussing the COA analysis for an unauthorized § 2255 motion).

Having undertaken a review of Price's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Price is not entitled to a COA. The district court's procedural determination—that Price's § 2254 petition was an unauthorized second or successive petition—is not reasonably subject to debate and the issues Price seeks to raise on appeal are not adequate to deserve further

proceedings. In particular, Price's appellate filings do not even address the district court's conclusion that the instant § 2254 petition is an unauthorized successive habeas petition. Instead, he challenges only the state court orders that were the subject of the August 5th petition. Accordingly, this court **DENIES** Price's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge
