**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 10, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LAWRENCE COUNTRYMAN, on
behalf of himself and all others
similarly situated,

      Plaintiff-Appellee,

v.

FARMERS INSURANCE
EXCHANGE, an insurer, and owner of
Mid-Century Insurance Company;
MID-CENTURY INSURANCE
COMPANY, a California corporation,

      Defendants-Appellants.

No. 11-1066

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 1:10-CV-01075-REB-KMT)**

---

Submitted on the briefs:[*]

    Thomas P. Johnson, Janette L. Ferguson, Terry R. Miller of Davis Graham
& Stubbs, LLP, Denver, Colorado, and David L. Yohai of Weil, Gotshal &
Manges, LLP, New York, New York, for Defendants-Appellants.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Robert B. Carey of Hagens Berman Sobol Shapiro, LLP, Phoenix, Arizona, and Megan Elizabeth Waples, Leif Garrison, Craig Valentine of Hagens Berman Sobol Shapiro, LLP, Colorado Springs, Colorado, for Plaintiff-Appellee.

Before **KELLY, O'BRIEN,** and **TYMKOVICH**, Circuit Judges.

**PER CURIAM**.

Defendants-Appellants Farmers Insurance Exchange ("Farmers Insurance") and Mid-Century Insurance Company ("Mid-Century Insurance") removed a putative class action from state court to federal district court. Upon motion of Plaintiff-Appellee, Lawrence Countryman, the federal district court remanded the action to state court based on a procedural defect in Defendants' joint notice of removal. Defendants petitioned this court pursuant to 28 U.S.C. § 1453(c)(1) for leave to appeal the district court's order of remand. We granted that petition and extended the time for rendering our judgment. *Id.* § 1453(c)(3).

**Background**

On March 25, 2010, Plaintiff Lawrence Countryman filed a putative class action in the District Court for Montrose County, State of Colorado, alleging among other things that Defendants Farmers Insurance and Mid-Century Insurance violated Colorado insurance statutes and breached their contracts by refusing to pay reasonable and necessary medical expenses on automobile insurance policies.

-2-

Plaintiff asserted fifteen claims on behalf of three different subclasses: a repricing subclass; an apportionment subclass; and a two-year limitation subclass.

On April 7, 2010, a summons and complaint were served on each Defendant. On May 7, 2010, within the thirty-day removal period, Defendants filed a joint notice of removal of the action to federal district court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. Defendants' joint notice of removal contained "a copy of all process, pleadings, and orders" served on Defendant Farmers Insurance and "a copy of all process, pleadings, and orders" served on Defendant Mid-Century Insurance *except* for the summons. 28 U.S.C. § 1446(a). On June 4, 2010, Plaintiff filed a motion to remand the action to state court, arguing that the joint notice of removal was defective because of the absence of a copy of the summons served on co-Defendant Mid-Century Insurance. Shortly after expiration of the thirty-day removal period, Defendants supplemented their original and timely joint notice of removal to include a copy of the summons served on co-Defendant Mid-Century Insurance.

In a November 3, 2010 Order, the district court granted Plaintiff's motion to remand. *Countryman v. Farmers Ins. Exch.*, No. 10-cv-01075, 2010 WL 4537091, at *2 (D. Colo. Nov. 3, 2010). The court rejected Defendants' argument that the failure to attach a copy of the summons served on co-Defendant Mid-Century Insurance was irrelevant because Defendant Farmers Insurance had attached "all process, pleadings, and orders" served on it and because Defendant Farmers

Insurance could remove the case to federal court under § 1453(b) without the consent of co-Defendant Mid Century Insurance. The court stated:

> The fact is that defendants in this case jointly filed a notice of removal and, thus, jointly assumed the responsibility to attach all process, pleadings, and orders served on either of them. Having chosen to do so, they were required to comply strictly with the requirements of section 1446. In this they failed, which constitutes a defect in removal procedure, necessitating remand.

*Id*.

In reaching its decision, the district court relied on prior Colorado district court decisions holding that a removing party's failure to adhere strictly to the unequivocal language of § 1446(a) by not including every document served on the removing party constituted a "fatal defect" in removal procedure.

## Discussion

Plaintiff argues that Defendants' joint notice of removal was procedurally defective under § 1446(a) because of the omission of co-Defendant Mid-Century Insurance's summons, that this omission was not curable, and that a remand was required because this procedural defect was timely raised. Defendants argue that the district court erred in remanding the case because omission of the co-Defendant's summons was a minor procedural defect, not a jurisdictional defect, that Defendants cured after the thirty-day removal period.

-4-

Our review is *de novo.  See Prime Care of Ne. Kan., LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1285 (10th Cir. 2006); *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1076 (10th Cir. 1999).  As a matter of first impression in this circuit, we hold that Defendants' failure to attach a co-Defendant's summons to the joint notice of removal constituted a *de minimis* procedural defect that did not necessitate remand of the case to state court.  We further hold that this *de minimis* procedural defect was curable, either before or after expiration of the thirty-day removal period.

The statute governing procedures for removal, 28 U.S.C. § 1446(a), provides that:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

There is an ostensible split of authority as to whether a procedural defect in a notice of removal requires remand to state court.

The minority view taken by some district courts is that a removing party's failure to attached the required state court papers to a notice of removal is a fatal defect that necessitates remand.  Supporters of this view, like the Plaintiff here, argue that the unequivocal language of § 1446(a) must be adhered to strictly.[1]

---

[1]  *See, e.g.*, *Transfirst, LLC v. Norris*, No. 10-cv-02063, 2010 WL 4736824, at \*2

(continued...)

The majority view is that a removing party's failure to attached the required state court papers to a notice of removal is a mere procedural defect that is curable. Defendants rely on this viewpoint. *See, e.g.*, *Cook v. Randolph Cnty.*, 573 F.3d 1143, 1150 (11th Cir. 2009) (removing party's failure to include all state court pleadings and process with notice of removal was "procedurally incorrect" but was not a "jurisdictional defect"); *Riehl v. Nat'l Mut. Ins. Co.*, 374 F.2d 739, 742 (7th Cir. 1967) (removing party's failure to include state court complaint with notice of removal did not deprive district court of jurisdiction because "the omission was but a minor irregularity of no consequence" and "[t]o permit this minor irregularity to defeat the District Court's jurisdiction would be to elevate form over substance"); *Covington v. Indemnity Ins. Co.*, 251 F.2d 930, 932-33 (5th Cir. 1958) (removing party's failure to include "a copy of all process, pleadings and orders served upon him" was a mere procedural defect, and not a jurisdictional defect necessitating remand, and that missing state court papers could be supplied later); *see also* 14C Charles Alan Wright, et al., Federal Practice and Procedure § 3733 (2010) ("The failure to conform to these procedural rules is not a jurisdictional defect, and both the

---

[1](...continued)
(D. Colo. Nov. 16, 2010) (unpublished) (case remanded as procedurally defective under § 1446(a) because removing parties failed to attach a summons to notice to removal; court noted that even if "such a remand is merely discretionary," in this instance it would exercise its discretion to remand); *Day Imaging, Inc. v. Color Labs Enterps.*, *LLC*, No. 09-cv-02123, 2009 WL 4884274, at *2-3 (D. Colo. Dec. 11, 2009) (unpublished) (listing cases).

failure to file all the state court papers or to provide the Rule 11 signature are curable in the federal court if there is a motion to remand.") (footnotes omitted); *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir. 1985) (noting that failure to the failure to file papers required by the removal statute may be remedied); *Yellow Transp., Inc. v. Apex Digital, Inc.*, 406 F. Supp 2d 1213, 1219 (D. Kan. 2005) (reaching same result where defendant inadvertently did not attach state court summons).

We agree with the majority view. The omission of a summons from Defendants' joint notice of removal was an inadvertent, minor procedural defect that was curable, either before or after expiration of the thirty-day removal period. Defendants supplemented their joint notice of removal to include the summons, and Plaintiff was not prejudiced by the omission. Nor was the district court's ability to proceed with the case materially impaired.

Finally, Plaintiff argues that the district court's order should be affirmed on the alternative ground that Defendants failed to establish that the case meets CAFA's amount in controversy requirement. While Plaintiff raised this issue in his motion to remand, the district could did not address it, concluding only that the presence of a procedural defect in the joint notice of removal required remand. Because the amount in controversy issue was not addressed by the district court, we leave the issue for that court on remand. *See AIMCO v. Nutmeg Ins. Co.*, 593 F.3d 1188, 1198 (10th Cir. 2010).

The district court's November 3, 2010 Order is **VACATED.** The case is **REMANDED** for further proceedings not inconsistent with this opinion.