**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STATE OF KANSAS,

      Plaintiff - Appellee,

v.

DAVID MARTIN PRICE,

      Defendant - Appellant.

No. 13-3237
(D.C. No. 5:13-CV-04080-EFM-KGS)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

---

Defendant-Appellant David Martin Price appeals the district court's dismissal of his case for failure to cure deficiencies in his removal petition, specifically "a copy of all process, pleadings, and orders served upon" him. Kansas v. Price, 5:13-CV-04080-EFM-KGS (D. Kan. Aug. 28, 2013). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

On July 30, 2013, Mr. Price sought removal from Kansas state court based on federal question jurisdiction.[1]  R 4-36.  On August 5, 2013, a magistrate judge issued an order to show cause, explaining that Mr. Price (1) failed to provide a copy of any process, pleadings, and orders served upon him in the underlying state action as required by 28 U.S.C. § 1446(a); (2) his petition for removal was likely untimely, 28 U.S.C. § 1446(b); and (3) the underlying action appeared to pertain to child support, a state issue for which the federal district court lacked jurisdiction.  R 44-46.  In response, Mr. Price included his notice of removal filed in state district court.  R. 52.  He contended that he need not provide any of the underlying documents, arguing in part that the requirement impermissibly held him to a heightened pleading standard and that subject-matter jurisdiction was nonetheless proper because his claims were based on fraud.  R 47-48.  The district court dismissed the case based on the failure to provide the requested documents and denied reconsideration.  R 58-59, 69.

---

[1] Mr. Price's petition for removal does not unequivocally establish what was before Kansas state court, although Respondent-Appellee State of Kansas explains that Mr. Price was ordered by the district court of Shawnee County, Kansas to pay child support.  See Aplee. Br. 3.  We also note that Mr. Price has had numerous other actions before this court.  See Price v. Vratil, 365 F. App'x 976 (10th Cir. 2010) (unpublished) (affirming the dismissal of a lawsuit against a judge as frivolous or malicious); Price v. Kansas ex rel. Six, 365 F. App'x 970 (10th Cir. 2010) (unpublished) (denying COA for an unauthorized habeas petition); Kansas ex rel. Six v. Price, No. 09-3181 (10th Cir. Dec. 31, 2009) (dismissing the appeal of a remand order as jurisdictionally defective); Price v. Kansas ex rel. Six, No. 09-3268 (10th Cir. Dec. 15, 2009) (dismissing the appeal of the denial of a habeas petition as untimely).

Mr. Price asserts similar arguments on appeal, adding that the documents are unnecessary because (1) the underlying case is fraudulent and he has already cited the record on file,[2] (2) neither the district court nor this court specified what documents were necessary, and (3) federal jurisdiction is appropriate because his allegations are against several Kansas officials. Aplt. Br. 11-14; Aplt. Reply Br. 5-6.

We are not persuaded. Although this court has overlooked de minimis filing defects, see, e.g., Countryman v. Farmers Ins. Exch., 639 F.3d 1270, 1272 (10th Cir. 2011), Mr. Price's failure to provide *any* documents from the state court proceedings served upon him, after receiving an order to show cause, is not de minimis. Although pro se, Mr. Martin is still obligated to comply with the statutes and rules governing removal. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

AFFIRMED. All pending motions are DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[2] Mr. Price asserts that the district court "could have easily had these records e-filed for verification" of his claims. Aplt. Reply Br. 7.

- 3 -