FILED
United States Court of Appeals
Tenth Circuit

April 21, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARTI LUNDAHL,

      Plaintiff - Appellant,

v.

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,

      Defendant - Appellee.

------------------------------

HOLLI LUNDAHL,

      Movant to Intervene.

Nos. 14-8014 & 14-8022
(D.C. No. 2:12-CV-00280-SWS)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **MORITZ**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Marti Lundahl, appearing pro se, appeals the district court orders dismissing her complaint against American Bankers Insurance Company (ABIC), denying her request for sanctions against ABIC, awarding sanctions against Lundahl, and denying Lundahl's request to extend the time to appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the imposition of sanctions, deny Lundahl's request for an extension of time to appeal; dismiss as untimely Lundahl's appeal from the final judgment; and deny her request to proceed in forma pauperis (IFP). We also deny the request of Lundahl's sister, Holli Lundahl, to intervene.[1]

Because the parties are familiar with the facts, we briefly summarize only those most salient. Lundahl filed an action in Wyoming state court to collect from ABIC a Utah judgment against an insured of ABIC. ABIC removed the action to federal court where the district court denied Lundahl's motion to remand and granted ABIC's motion to dismiss. The court also ordered Lundahl to show cause why she should not be subject to sanctions under Fed. R. Civ. P. 11. Thereafter, Lundahl filed multiple motions asserting various arguments. Ultimately, the district court scheduled a November 22, 2013, hearing to resolve all outstanding issues and directed the parties to appear in person. Lundahl failed to appear.

---

[1]     Although Plaintiff and her sister Holli filed a joint appeal, this court imposed filing restrictions on Holli in *Johnson v. Stock*, No. 03-4219, 2005 WL 1349963, at *3-4 (10th Cir. June 8, 2005). Because Holli failed to submit the requisite petition in order to proceed, we dismissed Holli as an appellant.

On November 27, 2013, the district court denied Lundahl's motion for sanctions against ABIC and entered final judgment pursuant to its earlier dismissal order. The court denied Lundahl's motion to reconsider on December 19, 2013. On February 5, 2014, the district court imposed Rule 11 sanctions on Lundahl for her frivolous complaint, frivolous filings, and failure to appear at the November hearing. On February 27, 2014, Lundahl filed a notice of appeal in No. 14-8014, challenging several post-judgment orders, including the court's February 5, 2014, sanctions order.[2] On March 3, 2014, the district court denied Lundahl's motion to extend time to file an appeal, and on March 20, 2014, Lundahl appealed that order in No. 14-8022. The two appeals have been consolidated.

Lundahl first challenges the district court's refusal to remand this action to state court. She argues the district court should have remanded for lack of subject matter jurisdiction because ABIC attached her original complaint to its notice of removal instead of her amended complaint, which purported to assign her cause of action to her sister Holli. But ABIC cured any defect in its notice of removal when ten days later it supplemented its notice of removal by submitting to the district court all of the state court filings and pleadings not previously included in its notice of

---

[2] Lundahl appeals the following post-judgment orders in No. 14-8014: (1) the February 4, 2013 order denying Holli's motion to intervene and Lundahl's motion to supplement her Rule 59 motion; (2) the February 5, 2013 order imposing sanctions; and (3) the February 14, 2013 order striking Lundahl's and Holli's Rule 59 motion to reconsider the sanction order and also striking related declarations and filings as violative of the court's February 5 order prohibiting any further filings except a notice of appeal.

- 3 -

removal, as required by 28 U.S.C. § 1446(a). *Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272-73 (10th Cir. 2011) (removing party's failure to attach required state court papers to notice of removal was curable procedural defect, not a jurisdictional defect). Thus, ABIC timely and effectively removed Lundahl's action under 28 U.S.C. § 1332 by alleging diversity of citizenship and an amount in controversy exceeding $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (holding removal notice need only contain short and plain statement of grounds for court's jurisdiction).

Lundahl also argues the district court lacked diversity jurisdiction because she filed a "direct action" against ABIC thereby imputing ABIC's citizenship to its insured and defeating diversity. *See* 28 U.S.C. § 1332(c)(1). But as the district court correctly found, that statute refers to actions in which the party injured by the insured's negligence proceeds against the insurer alone. *See, e.g.*, *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir. 1979) (discussing legislative history and meaning of "direct action" under § 1332 action). Here, in contrast, Lundahl first proceeded against ABIC's insured alone, obtained a judgment, and then sought to collect her judgment from ABIC. *See, e.g.*, *Monroe v. Roedder*, 583 F. Supp. 2d 1031, 1035 (E.D. Mo. 2008) (holding garnishment proceedings are not direct actions within meaning of § 1332(c)(1)). In short, we conclude the district court properly rejected Lundahl's suggestion that § 1332 defeated subject matter jurisdiction over the removal action.

Before turning to the merits of Lundahl's arguments, we must first consider whether we have jurisdiction to do so. On December 19, 2013, the district court denied Lundahl's Rule 59 motion in which she sought reconsideration of the court's dismissal order and its denial of her sanction request. But Lundahl failed to file a notice of appeal from the December 19 decision until February 27, 2014, more than one month after the 30-day time period to file a notice of appeal expired on January 21, 2014. Fed. R. App. P. 4(a)(1)(a) and (a)(4)(iv). Lundahl's untimely filing results in our lack of jurisdiction to review the district court dismissal order, its denial of Lundahl's request for sanctions against ABIC, and its post-judgment orders denying Lundahl's requests to reconsider those orders. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

Nevertheless, Lundahl argues the district court abused its discretion in denying her request to extend the time to file her notice of appeal. A district court may extend the time to file a notice of appeal if the party so moves before the time to appeal expires and shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). A district court's refusal to extend the time for filing a notice of appeal is itself an appealable decision which we review for abuse of discretion. *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004). Lundahl offers no specific reason for her delay in seeking to extend her appeal time, instead suggesting the district court's order was "confusing. But we agree with the district court that "[a]ny confusion existing in the

record is of Lundahl's own making, largely by her frivolous and often voluminous filings and her steadfast refusal to accept and/or recognize the adverse rulings of the Court." R. Vol. 1, at 1131. We find no abuse of discretion in the district court's denial of Lundahl's motion to extend time to appeal.

Lundahl also challenges the district court's imposition of sanctions related to Lundahl's failure to attend the November 22 hearing. Specifically, the court ordered Lundahl to reimburse ABIC for costs and reasonable attorney's fees in the amount of $3,078.40. We review the district court's imposition of Rule 11 sanctions for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

Here, the district court gave Lundahl an opportunity to show cause why sanctions should not be imposed and conducted two hearings regarding the sanctions issues (one of which Lundahl failed to attend). In ordering sanctions, the district court found Lundahl filed numerous frivolous pleadings and motions containing factual and legal misrepresentations, conducted the litigation in bad faith in an attempt to harass ABIC and to harass and perpetrate fraud on the court, and failed to show good cause for her failure to attend the November 22 hearing.

Lundahl presents no meritorious arguments demonstrating the district court abused its discretion in awarding attorney's fees and costs as a Rule 11 sanction. And having reviewed the record, we find it replete with evidentiary support for the district court's findings. Accordingly, for the reasons stated in the district court's February 5, 2014 order, we affirm the sanctions.

To summarize, we affirm the district court's February 5, 2014 order imposing Rule 11 sanctions against Lundahl and its March 3, 2014, order denying Lundahl's motion to extend time to file an appeal. We dismiss all of Lundahl's remaining appellate challenges for lack of jurisdiction based on her untimely notice of appeal. Finally, we deny Lundahl's request to proceed IFP.

Entered for the Court

Nancy L. Moritz
Circuit Judge