**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JODIE THOMAS CARLILE, III,

      Plaintiff-Appellant-
      Cross-Appellee

v.

CONOCO, INC.,

      Defendant-Appellee-
      Cross-Appellant.

No. 00-2345 & 00-2383
(D.C. No. CIV-98-1463-LH/DJS)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
these appeals.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cases are
therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Jodie Thomas Carlile, III, sued his former employer for terminating his employment in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (ADA). The district court entered summary judgment in favor of defendant and plaintiff appeals. Defendant cross appeals the district court's order denying its request for attorney fees as a prevailing party under 42 U.S.C. § 12205. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Underlying Facts

The parties are familiar with the facts. Therefore, we provide only a brief summary. Plaintiff was employed by defendant as a mechanic and welder's technician at its gas plant. Beginning in 1993, plaintiff suffered occasional brief periods of unconsciousness. Defendant's medical director imposed restrictions on plaintiff's work environment, such as not working at heights, around heavy moving equipment, or high heat sources. Consequently, plaintiff's employment was terminated in May 1996 because the medical restrictions prevented him from doing his past job and there were no other positions that would accommodate his restrictions. He sued, claiming defendant violated the ADA because it regarded him as disabled and unable to perform any of the jobs at its gas plant. The district court entered summary judgment in favor of defendant, but denied defendant's request for an award of attorney fees. Both parties appeal.

Jurisdictional Challenge

As a preliminary matter, we address defendant's motion to dismiss plaintiff's appeal. Defendant charges that plaintiff's notice of appeal was untimely, thus divesting this court of jurisdiction. See Parker v. Bd. of Pub. Utils. , 77 F.3d 1289, 1290 (10th Cir. 1996) ("The filing of a timely notice of appeal is an absolute prerequisite to [appellate] jurisdiction."). The judgment was entered on May 31, 2000. On June 12, 2000, plaintiff filed a pro se motion for reconsideration. On June 15, 2000, plaintiff's attorney filed a motion for reconsideration. Only the pro se motion, filed within ten days of the judgment, could toll the running of the time limit for filing a notice of appeal. See Fed. R. App. P. 4(a)(4) (time to appeal runs from entry of the order disposing of Rule 59 motion); Trotter v. Regents of Univ. of N.M. , 219 F.3d 1179, 1183 (10th Cir. 2000) (motion filed within ten days of judgment questioning its correctness treated as Rule 59 motion; if Rule 59 motion is made within ten days from judgment, time to appeal runs from order disposing of motion). Counsel's reliance on Fed. R. Civ. P. 6(e) for an additional three days to mail his motion is misplaced. Rule 6(e) provides for an additional three days for mailing when the paper deserving a response is served upon the party by mail. The summary judgment and final order documents were sent to plaintiff's attorney by facsimile

-3-

transmission on May 31, 2000. Consequently, plaintiff was not entitled to an additional three days for mailing. [1]

The issue is whether the pro se motion to reconsider tolled the time to file a notice of appeal or whether, as defendant argues, only a motion signed by a represented party can do so. Defendant invokes Fed. R. Civ. P. 11(a) and D.N.M.L.R. 83.5 for the requirement that every pleading be signed by the attorney of record. We decline to hold that a party who successfully protected his rights must forfeit them in favor of a rigid reading of the rules. Instead, we conclude that the pro se motion to reconsider served to toll the time for filing a notice of appeal. Accordingly, the notice of appeal was timely because it was filed on September 8, 2000, within thirty days after the August 24, 2000 order disposing of the motion to reconsider. Fed. R. App. P. 4(a)(1)(A). Moreover, the notice of appeal served to permit our consideration of the summary judgment's merits. See Grubb v. FDIC, 868 F.2d 1151, 1154 n.4 (10th Cir. 1989) (appeal from order denying Rule 59 motion sufficient to permit consideration of judgment's merits if appeal is "otherwise proper, the intent to appeal from the final judgment is clear,

---

[1]     Effective December 1, 2001, amendments to Rules 5 and 6 of the Federal Rules of Civil Procedure provide for three additional days to respond to a pleading served by electronic means or through the court's transmission facilities. Fed. R. Civ. P. 6(e) (referring to service under Rule 5(b)(2)(D)). This case was decided under the rules in effect prior to December 1.

and the opposing party was not misled or prejudiced"). Therefore, we have jurisdiction over plaintiff's appeal.

Plaintiff's Appeal

Turning to the merits, we review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).

A prima facie case under the ADA requires that a plaintiff show "(1) that [he] is disabled within the meaning of the ADA; (2) that [he] is qualified–with or without reasonable accommodation; and (3) that [he] was discriminated against because of [his] disability." McKenzie v. Dovala, 242 F.3d 967, 969 (10th Cir. 2001) (quotation omitted). Disability under the ADA may be established by a plaintiff who is regarded as having an impairment that substantially limits one or more major life activity. 42 U.S.C. § 12102(2).

On appeal, plaintiff contends that he met the first prong of a prima facie case by showing that he was "disabled" because defendant regarded him as having a disability. He maintains that defendant regarded him as substantially limited in

the major life activity of working because none of the jobs at defendant's gas plant could accommodate the restrictions imposed on plaintiff by its medical director.

"[I]n order to establish a disability under the 'regarded as' prong of the ADA with respect to the major life activity of working, an individual must show that the employer regarded him or her as being substantially limited in performing either a class of jobs or a broad range of jobs in various classes." Steele v. Thiokol Corp., 241 F.3d 1248, 1256 (10th Cir. 2001) (quotation omitted); accord Sutton v. United Air Lines, Inc., 527 U.S. 471, 491 (1999). Here, plaintiff's claim is based on defendant's determination that he could not perform any of the nine jobs at its gas plant.

It is undisputed that since the time his employment with defendant was terminated, plaintiff has been working as a welder, as well as a mechanic and roustabout. The undisputed record evidence demonstrates that plaintiff is, at most, regarded as unable to perform the welding jobs at defendant's gas plant. He presented no evidence to show that defendant regarded him as being substantially limited in performing either a class of jobs or a broad range of jobs in various classes. "This is insufficient, as a matter of law, to prove that petitioner is regarded as substantially limited in the major life activity of working." Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 525 (1999). Therefore, plaintiff has

not established a prima facie case because he has not established that he is "disabled" under the ADA. Accordingly, summary judgment in favor of defendant was correct.

## Defendant's Cross Appeal

For its cross appeal, defendant challenges the district court's order denying its request for attorney fees. The ADA authorizes the district court, in its discretion, to award attorney fees to the prevailing party. 42 U.S.C. § 12205. Defendant claims it is entitled to attorney fees because plaintiff's case was frivolous and filed in bad faith.

We review the district court's attorney-fee decision for an abuse of discretion. Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1231 (10th Cir. 1997). We apply a de novo review to the district court's statutory interpretation and legal analysis. Id.

A prevailing defendant may recover attorney fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978) (addressing attorney fees under Title VII; made applicable to ADA by Roe, 124 F.3d at 1232 & n.7). The district court should not, in hindsight, characterize a plaintiff's case as frivolous simply because it was ultimately unsuccessful. Id. at 421-22.

Defendant claims the district court's legal analysis was flawed because it failed to consider various factors in evaluating frivolousness and because it wholly failed to consider the bad-faith argument. The district court stated, however, that it had considered the parties' pleadings. Therefore, we assume that the district court reviewed and considered defendant's arguments. Cf. Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997) (appellate court assumes district court reviewed magistrate judge's report). We are satisfied from our review of the record that the district court properly exercised its discretion in ruling that a fee award was not warranted.

Defendant's motion to dismiss plaintiff's appeal is denied. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

-8-