[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 3, 2006
THOMAS K. KAHN
CLERK

No. 05-13001
Non-Argument Calendar

_____

D. C. Docket No. 04-00078-CV-ORL-28-KRS

SYLVESTER JONES,

Plaintiff-Appellant,

versus

UNITED SPACE ALLIANCE, L.L.C.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 3, 2006)**

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Sylvester Jones, proceeding pro se, appeals the district court's denial of

various discovery motions and its award of summary judgment to United Space Alliance on Jones' claims under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. Jones also appeals the district court's order striking his motion for reconsideration of summary judgment. We affirm.

## I.

Jones, who is an African American male, worked as a senior reliability engineer for United Space, where he was employed from 1987 until 2002. After he was terminated by United Space, he filed a complaint claiming racial discrimination and alleging the following: because of his race, he was singled out and placed on a performance improvement plan (PIP) in November 2001; while on the PIP, he was not able to confer with other engineers except through a supervisor and was verbally reprimanded for speaking with an African American female engineer; his completion of the PIP was impeded because his supervisor failed to adhere to it and failed to follow internal operating procedures; and after his termination, he was replaced by a Caucasian employee. With regard to his hostile work environment claim, Jones also alleged the following: his manager made derogatory remarks to him based on his religion; a co-worker removed from the community bulletin board a flyer describing events at Jones' church; his manager told him to remove the lanyard for his identification badge because it had the name

"Jesus" on it; his manager told him not to leave his bible on his desk; he was asked to turn down the religious music that he played at work; he was accused of having a conflict of interest with the space program because he was a pastor; and he was placed on a PIP because of his religion.

In its answer to Jones' complaint, United Space alleged that it had taken no discriminatory action against Jones and that it had placed him on a PIP because of performance deficiencies. United Space contended that it terminated Jones after he proved unwilling or unable to meet the expectations set forth in the PIP.

After the discovery deadline, United Space filed a motion for summary judgment. Jones filed a motion to compel the production of various documents, and the magistrate judge denied the motion, finding that the discovery period had already ended and that Jones had failed to explain why his motion could not have been filed prior to the close of discovery. Jones then filed a motion to re-open or extend discovery, arguing that United Space had not responded to discovery requests throughout 2004. The magistrate judge also denied this motion, finding that Jones had not shown good cause why the parties should not adhere to the deadline for the close of discovery. Jones did not ask the district court to review either decision.

The district court considered United Space's motion for summary judgment

and found that the incidents Jones alleged were not sufficiently severe to support a claim of a hostile work environment. The court determined that Jones had established a prima facie case of discrimination because Jones had been replaced when his work was redistributed to other employees. The district court noted that, unlike some other circuits, this Court's precedent does not establish that when an employer redistributes a former employee's work to current employees, no "replacement" occurs.

The district court also found that United Space had articulated a legitimate, nondiscriminatory reason for terminating Jones based on substandard performance and failure to complete the PIP. The court concluded that Jones failed to create a genuine issue of material fact regarding whether United Space's reasons were pretextual because the record did not reveal any evidence that United Space was motivated by racial or religious discrimination. The court stated that it would not second-guess United Space's business decision, and in an order dated April 26, 2005, it granted summary judgment in favor of United Space.

Jones filed a motion for reconsideration of summary judgment with the district court. United Space filed a motion to strike Jones' motion for reconsideration and argued that because Jones had filed the motion pro se while he maintained counsel of record, Jones' motion violated Middle District of Florida

4

Local Rule 2.03(d). On May 13, 2005, the district court granted United Space's motion and struck Jones' motion for reconsideration from the record. Jones filed a pro se notice of appeal. The notice of appeal referred to the April 26, 2005 judgment but did not mention the May 13, 2005 order or the motion for reconsideration. The appellate briefs, however, did address the motion for reconsideration.

**II.**

We review a district court's rulings on discovery issues for abuse of discretion. Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992). We will not overturn discovery rulings unless an appellant shows that the district court's ruling resulted in substantial harm to his case. Iraola & CIA, S.A. v. Kimberly-Clark Corp., 325 F.3d 1274, 1286 (11th Cir. 2003).

Jones contends that he was not allowed an equal opportunity for discovery. He argues that the district court should have granted his motion to re-open or extend discovery because he was requesting evidence previously produced by United Space. His first attorney received this evidence before the close of discovery but returned it to United Space after withdrawing from the case.

As United Space correctly notes, however, under Federal Rule of Civil Procedure 72(a), a party has ten days after a magistrate judge rules on a non-

dispositive matter to file any objections to the order, and "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." Fed. R. Civ. P 72(a). "A party failing to appeal a magistrate judge's order in a nondispositive matter to the district court may not raise an objection to it on appeal to a circuit court." Farrow v. West, 320 F.3d 1235, 1249 n.21 (11th Cir. 2003); see Maynard v. Bd. of Regents of Div. of Univs. of Fl. Dept. of Educ., 342 F.3d 1281, 1286 (11th Cir. 2003) (applying Rule 72(a) in a discovery dispute in an employment discrimination case).

In this case, Jones did not file any objections to the magistrate judge's order denying his motion to compel the production of documents or to the magistrate judge's order denying his motion to re-open or extend discovery . Because Jones failed to challenge the magistrate's non-dispositive orders before the district court, he waived his right to challenge them here. Accordingly, we do not decide these issues.

### III.

We review a district court's grant of summary judgment de novo. Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1316 (11th Cir. 2003). Summary judgment is only appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Id. at 1315–16 (citing

6

Fed. R. Civ. P. 56(c)).  In reviewing a district court's grant of summary judgment, we "view all the evidence, and make all reasonable factual inferences, in the light most favorable to the nonmoving party."  Id.

Title VII prohibits discrimination with respect to an employee's "terms, conditions, or privileges of employment."  42 U.S.C. § 2000e-2(a)(1).  It is well established that the statutory phrase "terms, conditions, or privileges of employment" includes within its scope harassment that results in a discriminatorily hostile or abusive work environment.  See Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S. Ct. 367, 370 (1993).  The law governing the Florida Civil Rights Act is the same on this issue.  Maniccia v. Brown, 171 F.3d 1364, 1368 n.2 (11th Cir. 1999) ("Florida's Civil Rights Act is patterned after Title VII, and thus federal case law dealing with Title VII is applicable to employment discrimination claims brought under Florida law.").

"A hostile work environment claim under Title VII is established upon proof that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002) (quoting Harris, 510 U.S. at 21, 114 S. Ct. at 370 (1993)) (quotation marks omitted).  Title VII is not meant to

7

serve as "a general civility code." See Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80, 118 S. Ct. 998, 1002 (1998). In order to prevail on a hostile work environment claim, a plaintiff must establish that: (1) "he belongs to a protected group;" (2) "he has been subject to unwelcome harassment;" (3) "the harassment [was] based on a protected characteristic of the employee;" (4) "the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment;" and (5) "the employer is responsible for such environment under either a theory of vicarious or direct liability." Miller, 277 F.3d at 1275.

The fourth element of the hostile work environment test contains both a subjective and an objective component. Mendoza v. Borden, Inc., 195 F.3d 1238, 1246 (11th Cir. 1999) (en banc). To satisfy the fourth element, the employee must "subjectively perceive" the harassment as severe and pervasive enough to change the terms or conditions of employment, and the district court must find that this perception was objectively reasonable. Id.

In making this objective determination, the following factors should be considered: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's

job performance." Id.  The Supreme Court has noted that "teasing, offhand comments, and isolated incidents" do not constitute discriminatory changes in the terms and conditions of employment.  Faragher v. City of Boca Raton, 524 U.S. 775, 788, 118 S. Ct. 2275, 2284 (1998) (citation omitted).

Jones, who is a member of the Apostolic/ Pentecostal faith, contends that the district court erred in granting summary judgment to United Space on his hostile work environment claim because the cumulative evidence reveals a history of harassment and workplace hostility based on religion.

The record shows that none of the alleged incidents occurred on a repeated basis, none of the incidents were physically threatening or humiliating, and none interfered with Jones' job performance.  See Faragher, 524 U.S. at 788, 118 S. Ct. at 2284; Mendoza, 195 F.3d at 1246.  Therefore, the evidence does not establish a genuine issue of material fact concerning the existence of a hostile work environment because it fails to demonstrate conditions sufficiently severe or pervasive to alter the terms of Jones' employment and or to create a discriminatorily abusive working environment.  See Miller, 277 F.3d at 1275. Thus, even if Jones subjectively perceived the incidents as severe, it would not be objectively reasonable to construe them as severe.  See id.

Because Jones failed to establish a prima facie case of hostile work

environment religious discrimination, we affirm the grant of summary judgment to United Space on this claim.

## III.

"Whether an employer intentionally discriminated against an employee . . . is a question of fact, which may be proved either through direct or circumstantial evidence." E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272 (11th Cir. 2002). Absent direct evidence of an employer's discriminatory motive, a plaintiff may establish his case through circumstantial evidence, using the burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973). Id. To establish a prima facie case, a plaintiff alleging discrimination under Title VII based on circumstantial evidence must show that: "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class." See Maynard, 342 F.3d at 1289 (citing McDonnell Douglas Corp., 411 U.S. at 802, 93 S. Ct. at 1824). If the plaintiff successfully demonstrates a prima facie case, the burden then shifts to the employer to produce evidence that its action was taken for a legitimate, nondiscriminatory reason. Joe's Stone Crabs, 296 F.3d at 1272.

10

If the employer meets its burden of production, "the plaintiff must show that the proffered reason really is a pretext for unlawful discrimination." Id. at 1272–73. We have explained that if an employer's proffered reason is "one that might motivate a reasonable employer," a plaintiff may not rely on merely questioning the wisdom of that reason to prove that it is a pretext for a discriminatory motive. Combs v. Plantation Patterns, 106 F.3d 1519, 1543 (11th Cir. 1997). Rather, in order to survive a motion for summary judgment, a plaintiff must demonstrate that a reasonable factfinder would not find credible the employer's reasons for its actions because of their inherent "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions." Id. at 1538 (citation and quotation marks omitted). Furthermore, an analysis of pretext focuses on the employer's beliefs, "not the employee's own perceptions of his performance." Holifield v. Reno, 115 F.3d 1555, 1565 (11th Cir. 1997) (citation omitted).

Jones contends that the district court erred in granting summary judgment to United Space on his disparate treatment claim of religious and racial discrimination because he completed a performance improvement plan as required by United Space and because United Space gave inconsistent reasons for terminating him. He argues that United Space put him on the performance improvement plan

11

because it wanted to avoid giving him a pay increase that he was due.

Even if United Space's actual motive for Jones' discharge was to avoid paying him a merit pay raise, which his supervisors did not believe Jones deserved, that does not demonstrate that United Space discharged Jones based on either racial or religious discrimination. Furthermore, Jones did not demonstrate in any way that the proffered reason for his termination contained any inherent "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions." See Combs, 106 F.3d at 1538. In short, Jones did not produce any evidence to indicate that United Space's motivation for his discharge was for any reason other than his poor performance. Accordingly, we affirm the grant of summary judgment to United Space on Jones's discriminatory termination claim.

**IV.**

As for the district court's order striking Jones' motion for reconsideration because he filed it pro se while represented by counsel, we review that order only for abuse of discretion. See Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health & Rehabilitative Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). Local Rule 2.03(d) of the Middle District of Florida states, "[a]ny party for whom a general appearance of counsel has been made shall not thereafter take any step or be heard in the case in proper person, absent prior leave of Court."

12

The district court straightforwardly applied its local rule. It did not abuse its discretion in granting United Space's motion to strike based on Local Rule 2.03(d), thereby denying Jones' motion for reconsideration of summary judgment. See Clark v. Hous. Auth. of City of Alma, 971 F.2d 723, 727 (stating that "this circuit gives great deference to a district court's interpretation of its local rules").

**AFFIRMED.**