FILED
United States Court of Appeals
Tenth Circuit

**March 29, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES BRIAN WRIGHT,

Defendant - Appellant.

No. 09-7065
(D. Ct. No. 6:07-CR-00037-JHP-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **HOLMES**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant James Brian Wright appeals from the district court's order denying his motion to file an untimely appeal. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In October 2007, Mr. Wright pleaded guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In his plea agreement, Mr. Wright generally waived his right to appeal his sentence, but he retained a limited right to appeal the use of a prior state conviction to enhance his sentence. On February 15, 2008, the district court sentenced him to 190 months' imprisonment. Mr. Wright subsequently succeeded in having the prior state conviction vacated and filed a motion, pursuant to the limited right he retained in his plea agreement, to vacate his federal sentence. The district court granted his motion and re-sentenced him to 115 months' imprisonment on January 26, 2009.

Immediately after the re-sentencing hearing, Mr. Wright met with his attorney, Rob Ridenour. During that discussion, Mr. Wright inquired about the possibility of appealing his sentence. Mr. Ridenour informed Mr. Wright that there was no legally sound basis on which he could appeal, and at the end of the discussion, Mr. Ridenour believed Mr. Wright did not wish to pursue an appeal.

On February 3, 2009, Mr. Wright sent a pro se letter to the district court in which he attempted to object to his January 26 sentence. The district court struck Mr. Wright's pro se filing because he was represented by counsel, ruling that "[a]ll pleadings shall be filed by counsel of record." Then, on February 9, 2009, the court entered its Amended Judgment and Order which reflected Mr. Wright's 115 month sentence.

On March 5, 2009, Mr. Wright sent another pro se letter to the district court in

which he sought leave to file an untimely notice of appeal. In the letter, Mr. Wright argued that he should be allowed to file an untimely appeal because he had specifically asked Mr. Ridenour to file an appeal on his behalf and Mr. Ridenour refused. The district court entered an order in which it set a hearing on Mr. Wright's motion and directed Mr. Wright to show excusable neglect or good cause for filing a late notice of appeal. At the hearing, Mr. Ridenour testified that Mr. Wright had never asked him to file an appeal, and Mr. Wright's new counsel argued to the contrary, positing that Mr. Ridenour's refusal to file an appeal when specifically asked constituted good cause for Mr. Wright's late filing. The district court found Mr. Ridenour's testimony credible and concluded that Mr. Wright failed to show excusable neglect or good cause for his late filing. Alternatively, the district court concluded that Mr. Wright had waived his right to appeal in his plea agreement. Thus, the district court denied Mr. Wright's motion and he now appeals from that denial.

## II. DISCUSSION

At the time Mr. Wright was sentenced, the Federal Rules of Appellate Procedure generally required that a criminal defendant file a notice of appeal within ten days after the entry of the judgment from which he seeks to appeal. *See* Fed. R. App. P. 4(b)(1)(A) (abrogated 2009). A district court has discretion, however, to extend the time for filing a notice of appeal for an additional thirty days if it finds excusable neglect or good cause for a late filing. *See id.* § 4(b)(4). If a criminal defendant files a notice of appeal after the district court announces its decision but before it enters judgment on that decision, the

- 3 -

Rules treat the notice of appeal as having been filed the day the district court entered judgment. *See id.* § 4(b)(2).

A district court's refusal to extend the time for filing a notice of appeal is itself an appealable decision which we generally review for abuse of discretion. *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004). Under this standard, we reverse the district court only if we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (quotations omitted).

To the extent Mr. Wright argues that the district court erred by not finding excusable neglect or good cause for his untimely March 5 filing, that argument is without merit. At the hearing on whether to accept Mr. Wright's late filing, Mr. Wright argued that Mr. Ridenour's refusal to file a timely notice of appeal after Mr. Wright had explicitly requested that he do so constituted good cause. The only evidence presented at the hearing, however, was Mr. Ridenour's testimony that Mr. Wright had never asked him to file an appeal and that he believed Mr. Wright had no desire to appeal his sentence. Indeed, Mr. Wright did not present evidence of his own or testify at the hearing. Accordingly, the only evidence presented to the district court supported its finding that Mr. Wright did not show good cause for his late filing. Therefore, that decision was not an abuse of discretion.

Mr. Wright also argues, for the first time on appeal, that the district court erred by not accepting his February 3 pro se letter as a timely notice of appeal. According to Mr.

Wright, that pro se filing should have been accepted and, pursuant to Fed. R. App. P. 4(b)(4), treated as if it were filed on February 6, the day the court entered judgment. Because he did not raise this argument below, however, we review it for plain error. *United States v. Jones*, 530 F.3d 1292, 1298 (10th Cir. 2008). Under the plain error standard, the appellant has the heavy burden of demonstrating "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1075 (10th Cir. 2009) (quotations omitted).

Although a criminal defendant has a constitutional and statutory right to proceed pro se, he must invoke that right by clearly and unequivocally asserting his intention to represent himself. *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995). Furthermore, a criminal defendant does not have a constitutional right to a "hybrid form of representation." *Id.* Rather, courts have discretion to accept or deny pro se filings made by represented litigants. *See United States v. Bennett*, 539 F.2d 45, 49 (10th Cir. 1976) ("[P]ermission for [hybrid representation] [is] recognized as being discretionary with the trial court"). Because Mr. Wright did not unequivocally assert his desire to represent himself prior to sending his February 3 pro se letter, the district court had broad discretion to accept or reject that filing. On appeal, Mr. Wright has not presented any reason why the district court's rejection of the February 3 letter was an abuse of the court's broad discretion. Accordingly, Mr. Wright cannot even show that the district

court's rejection of the letter was error, let alone that it was plain error.[1]

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the order of the district court.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

---

[1]Because we affirm the district court's refusal to extend Mr. Wright's time to file a notice of appeal on other grounds, we do not examine the propriety of the district court's alternative holding that Mr. Wright waived his right to appeal in his plea agreement.