**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 28, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

VIRGIL BUNN,

      Plaintiff - Appellant,

v.

SONNY PERDUE, as Secretary, United
States Department of Agriculture,

      Defendant - Appellee.

No. 19-2138

———————————————————

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 1:17-CV-01064-LF-JFR)**
———————————————————

Submitted on the briefs:[*]

Anthony Spratley, Albuquerque, New Mexico, for Plaintiff – Appellant.

John C. Anderson, U.S. Attorney, and Christopher F. Jeu, Assistant U.S. Attorney, U.S.
Department of Justice, Albuquerque, New Mexico, for Defendant – Appellee.

———————————————————

Before **BRISCOE**, **MURPHY**, and **MATHESON**, Circuit Judges.

———————————————————

     [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

**MATHESON**, Circuit Judge.

_____

This appeal arises out of an employment discrimination dispute between Virgil Bunn and the United States Department of Agriculture ("USDA"). Mr. Bunn appeals the district court's order granting summary judgment to USDA Secretary Sonny Perdue and its order striking Mr. Bunn's motion to vacate the summary judgment order. Exercising jurisdiction under 28 U.S.C. § 1291, we (1) dismiss Mr. Bunn's appeal of the summary judgment order as untimely and (2) affirm the court's order to strike Mr. Bunn's motion to vacate.

## I. BACKGROUND

### A. *Factual and Procedural Background*[1]

#### 1. Mr. Bunn's Employment History

On January 31, 2011, Mr. Bunn was hired for a one-year probationary period as a human resources assistant at the United States Forest Service's ("USFS") Albuquerque Service Center.[2] Beginning in October 2011, Mr. Bunn's supervisor became concerned about his job performance. After his supervisor asked a colleague to oversee Mr. Bunn's work, Mr. Bunn complained to his supervisor about the colleague's comments to him. Mr. Bunn later contacted USFS's Equal Employment

---

[1] We rely on the parties' undisputed material facts for the factual background. *See* Suppl. App. at 3-9, 163-64.

[2] The USFS is an agency within the USDA.

Opportunity ("EEO") Counselor Office about these comments. On January 6, 2012, Mr. Bunn was fired.

## 2. Agency Action

Mr. Bunn filed an EEO complaint with the United States Equal Employment Opportunity Commission ("EEOC"). He alleged harassment, a hostile work environment, and retaliation.[3] An EEOC administrative judge dismissed the suit, granting summary judgment to the agency on all claims. The USDA's Office of Adjudication issued a final order implementing the EEOC's decision. Mr. Bunn appealed. The Office of Federal Operations affirmed the USDA's final decision.

## 3. District Court

Mr. Bunn sued Secretary Perdue in his official capacity in the District of New Mexico. He alleged that the USDA retaliated against him for his complaints in violation of 42 U.S.C. § 2000E-3(A), discriminated against him based on his age in violation of 42 U.S.C. § 1983, and promoted a hostile work environment in violation of 42 U.S.C. § 1983. The Secretary moved for summary judgment, which the district court granted on all claims. The court entered final judgment on June 3, 2019.

On June 27, 2019, Mr. Bunn moved for William A. Rankin, an apparent nonlawyer, to act as his representative or "Next Friend" under Federal Rule of Civil

---

[3] Mr. Bunn also alleged additional claims, including that he did not receive assistance from union representatives. He did not appeal the dismissal of his union-related claims to the Office of Federal Operations.

Procedure 17.  *See* Dist. Ct. Doc. 58, 61.[4]  Mr. Bunn's attorneys had not withdrawn.

Mr. Rankin moved on Mr. Bunn's behalf to vacate the district court's summary

judgment order.  *See* Suppl. App. at 267-306.[5]

On July 1, 2019, the district court denied Mr. Bunn's motion to proceed with

Mr. Rankin as his representative under Rule 17.  App. at 73, 75.  It also struck Mr.

Rankin's motion to vacate as "improperly filed."  *Id.* at 75.  The court explained:

> Mr. Rankin seeks to represent Mr. Bunn, but Mr. Rankin is
> not licensed to practice law in the District of New Mexico.
> Indeed, there is no indication that Mr. Rankin is an
> attorney, licensed to practice law anywhere in the country.
> Mr. Rankin cannot represent Mr. Bunn in this case without
> being represented by counsel himself.  Further, Mr. Bunn
> currently is represented by attorneys Jensen Wallace and
> Anthony Spratley of the Genus Law Group. . . . The
> attorneys from the Genus Law Group have not withdrawn
> their representation of Mr. Bunn or entered an appearance
> on behalf of Mr. Rankin.  Under these circumstances, Mr.

---

[4] Mr. Bunn on his own submitted an affidavit "asking the court to allow Mr. William A. Rankin to represent [him] . . . [under] Rule 17."  Dist. Ct. Doc. 58 at 1. Mr. Rankin filed and signed the "Motion for Rule 17, Next Friend."  Dist. Ct. Doc. 61 at 1, 5.

Some of the relevant post-judgment filings in district court, such as this one, were not included in the record on appeal, but they are accessible from the district court docket.  We may therefore take judicial notice of the filings.  *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); Fed. R. Evid. 201(b)(2).

[5] We interpret this motion to vacate as a motion under Federal Rule of Civil Procedure 59(e) because it sought to alter or amend the judgment.  *See Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010) ("Where [a] motion requests a substantive change in the district court's judgment or otherwise questions its substantive correctness, the motion is a Rule 59 motion, regardless of its label.").  The motion was timely filed within 28 days after the district court's entry of final judgment.  *See* Fed. R. Civ. P. 59(e).

4

Bunn cannot proceed pro se, and Mr. Rankin cannot proceed as his representative. Consequently, all of the motions and papers filed by Mr. Bunn and those filed by Mr. Rankin on behalf of Mr. Bunn, are improperly filed and will be stricken.

*Id.* at 74-75 (footnote omitted).

Mr. Bunn's attorney, Anthony Spratley of the Genus Law Group, filed a notice of appeal on August 29, 2019, challenging the district court's final judgment and its order striking the motion to vacate. Suppl. App. at 318.[6]

| Date | Filing | Time Elapsed Since Final Judgment | Time Elapsed Since Order Striking Motion to Vacate |
|---|---|---|---|
| June 3, 2019 | District court grants summary judgment and issues final judgment | N/A | N/A |
| June 27, 2019 | Mr. Rankin files a motion to vacate on behalf of Mr. Bunn | 24 days | N/A |
| July 1, 2019 | District court strikes the motion to vacate | 28 days | N/A |
| August 29, 2019 | Mr. Bunn appeals | 87 days | 59 days |

## B.     *Legal Background*

We provide legal background on (1) timely appealing, (2) tolling the time for appeals, (3) legal representation for filing motions, and (4) striking filings.

### 1. Notice of Appeal

The Supreme Court has "ma[d]e clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S.

_____

[6] Mr. Spratley continues to represent Mr. Bunn on appeal.

205, 214 (2007); *see Vanderwerf v. SmithKline Beecham Corp.*, 603 F.3d 842, 845 (10th Cir. 2010) ("We strictly construe statutes conferring jurisdiction. Compliance with filing requirements is mandatory and jurisdictional." (citations and quotations omitted)). "As we have long held, when an appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction." *Bowles*, 551 U.S. at 213 (quotations omitted).[7]

Under 28 U.S.C. § 2107, the time to file a notice of appeal in a civil case "shall be 60 days" from "the entry of . . . judgment, order[,] or decree" "if one of the parties is a United States agency . . . [or] officer . . . sued in an official capacity." "Rule 4 of the Federal Rules of Appellate Procedure carries [28 U.S.C.] § 2107 into practice." *Bowles*, 551 U.S. at 208; *see* Fed. R. App. P. 4(a)(1)(B)(ii)-(iii).[8]

We "routinely and uniformly dismiss untimely appeals for lack of jurisdiction." *Bowles*, 551 U.S. at 210*; see, e.g.*, *Ford v. McKinney*, No. 18-3256,

---

[7] "[A] provision governing the time to appeal in a civil action qualifies as jurisdictional only if Congress sets the time." *Hamer v. Neighborhood Housing Servs. of Chic.*, 138 S. Ct. 13, 17 (2017). "A time limit not prescribed by Congress ranks as a mandatory claim-processing rule . . . . Mandatory claim-processing rules are less stern. If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited." *Id.; see United States v. Garduno*, 506 F.3d 1287, 1290-91 (10th Cir. 2007) (Federal "Rules [of Appellate Procedure] 4(b)(1)(A) and 4(b)(4), which govern appeals from defendants in criminal trials, do not have statutory grounding. . . . This court . . . hold[s] that Rules 4(b)(1)(A) and 4(b)(4) are inflexible claim-processing rules . . . ." (quotations omitted)).

[8] Under Rule 4, a party must file a notice of appeal for a civil case "within 60 days after entry of the judgment or order appealed from if one of the parties is . . . a United States agency . . . [or] officer . . . sued in an official capacity." Fed. R. App. P. 4(a)(1)(B)(ii)-(iii).

2019 WL 2455507, at *2 (10th Cir. Feb. 6, 2019) (unpublished); *McElhaney v. Bear*,

No. 18-7044, 2018 WL 7814406, at *1 (10th Cir. Oct. 9, 2018) (unpublished);

*Lundahl v. Am. Bankers Ins. Co.*, 610 F. App'x 734, 736 (10th Cir. 2015)

(unpublished); *Alva v. Teen Help*, 469 F.3d 946, 947 (10th Cir. 2006).[9]

## 2. Tolling Time Requirement

"If a party files [certain post-judgment motions] in the district court[,] . . . the

time to file an appeal runs for all parties from the entry of the order disposing of the

last such remaining motion." Fed. R. App. P. 4(a)(4)(A); *see Vanderwerf*, 603 F.3d

at 846 ("The timely filing of a Rule 59 motion . . . suspends the . . . time clock for

filing a notice of appeal, and the time to file an appeal runs from the time the district

court enters an order disposing of the Rule 59 motion.").

Improperly filed post-judgment motions that have been struck do not toll the

time to file a notice of appeal under Rule 4. *See Fox v. Noram Energy Corp.*, No. 98-

6141, 1999 WL 961226, at *2-4 (10th Cir. Oct. 21, 1999) (unpublished) (determining

"the time period for filing a notice of appeal of the underlying summary judgment

motion was not tolled" where the district court struck the plaintiffs' Rule 59(e)

motion for violating local rules); *Air Line Pilots Ass'n v. Precision Valley Aviation,*

*Inc.*, 26 F.3d 220, 223-25 (1st Cir. 1994) (holding a "noncompliant" Rule 59(e)

---

[9] Although not precedential, we find the reasoning of the unpublished decisions cited in this opinion instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

7

motion that violated local rules did not toll the appeal period because it was a "nullity").[10]

3. **Representation**

"A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *accord Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011) ("The right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654. Because *pro se* means to appear for one's self, however, a person may not appear on another person's behalf in the other's cause[.]" (brackets and quotations omitted)).

When individual parties "have the assistance of counsel, courts need not consider any filings made *pro se*." *United States v. Sandoval-De Lao*, 283 F. App'x 621, 625 (10th Cir. 2008) (unpublished) (upholding district court's refusal to consider defendant's pro se motion for sentence reconsideration where he was represented by counsel); *see United States v. Wright*, 370 F. App'x 906, 908 (10th Cir. 2010) (unpublished) ("[C]ourts have discretion to accept or deny pro se filings made by represented

---

[10] *See also Fitzpatrick v. Monday*, 549 F. App'x 734, 738-39 (10th Cir. 2013) (unpublished) (holding "statutory tolling [was] not appropriate [where] . . . [state court] struck" a defendant's filing); *Troutt v. Jones*, No. 07-1062, 2008 WL 490614, at *8 (W.D. Okla. Feb. 21, 2008) (same); *but see Carlile v. Conoco, Inc.*, 23 F. App'x 963, at *2 (10th Cir. 2001) (unpublished) ("We decline to hold that a party who successfully protected his rights must forfeit them in favor of a rigid reading of the rules.").

8

litigants."); *United States v. Miles*, 572 F.3d 832, 837-38 (10th Cir. 2009) (upholding district court's decision to strike pro se motions because defendant was "represented by counsel"); *Nato Indian Nation v. Utah*, 76 F. App'x 854, 856-57 (10th Cir. 2003) (unpublished) (striking a docketing statement filed by a non-lawyer who was not entitled to represent "a corporation, other business entity, or non-profit organization").

Under the District of New Mexico's Local Rule of Civil Procedure 83.4, "[t]o participate in a pending proceeding, an attorney must enter an appearance or obtain leave of the Court to sign and file any pleading, motion, or other document." D.N.M.LR-Civ 83.4.[11] "A party who is represented by an attorney may not personally make any filings, other than a notice of appeal, or represent himself or herself unless otherwise ordered." D.N.M.LR-Civ. 83.5.

Under the Federal Rule of Civil Procedure 17(c), a "representative[] may sue or defend on behalf of a minor or an incompetent person." Fed. R. Civ. P. 17(c)(1). "Rule 17(b) provides that issues of capacity are determined by the law of the individual's domicile." *Esposito v. United States*, 368 F.3d 1271, 1273 (10th Cir. 2004). "Based on the law of New Mexico, the appointment of a guardian . . . is no light or offhand task. . . . [M]ore is required than the submission of an affidavit . . . ."

---

[11] Under local rules, the attorney either (a) must be "admitted to the bar of this court" in accordance with D.N.M.LR-Civ 83.2, or (b) "must associate with a member of the Federal Bar" in accordance with D.N.M.LR-Civ 83.3. *See* D.N.M.LR-Civ 83.4(a).

*Romero v. Bradford*, No. 08-1055, 2010 WL 11619192, *11 (D.N.M. Sept. 30, 2010); *see* N.M. Stat. Ann. § 45-5-303 (describing process for "appointment of a guardian of an incapacitated person").

## 4. Striking Filings

"[D]istrict courts are afforded great discretion regarding control of the docket and parties." *United States v. Orozco*, 916 F.3d 919, 925 (10th Cir. 2019) (quotations omitted). Federal Rule of Civil Procedure 12(f) governs what a "court may strike from a pleading." *Ysai v. N.M. Judicial Standard Com'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009) (quotations omitted); *see* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter . . . on its own."). "Generally, . . . motions, briefs, and memoranda may not be attacked by a motion to strike." *Ysai*, 616 F. Supp. 2d at 1184.

"The exception to this principle is that a [c]ourt may choose to strike a filing that is not allowed by local rule . . . ." *Id.* (quotations omitted); *see Bustillo v. Hawk*, 44 F. App'x 396, 400-01 (10th Cir. 2002) (unpublished) (upholding district court's decision to strike filing based on local rules); *In re Hopkins*, No. 98-1186, 1998 WL 704710, at *3 n.6 (10th Cir. Oct. 5, 1998) (unpublished) (noting "it was well within the discretion of the district court to strike" briefs that did not comply with local rules).[12]

---

[12] *See also Jones v. United Space All., LLC*, 170 F. App'x 52, 57 (11th Cir. 2006) (unpublished) (holding district court did not abuse its discretion in granting a motion to strike based on local rules); *Leatherwood v. Braggs*, No. 19-1140, 2020

When courts strike a filing as improperly filed, it becomes "a nullity." *Synnestvedt v. Astrue*, No. 09-443, 2010 WL 125649, \*1 n.3 (W.D. Okla. Jan. 7, 2010); *see Habyawmana v. Kagame*, No. 10-437, 2011 WL 13113322, \*1 n.1 (W.D. Okla. 2011) (noting an "improperly filed" motion "is, therefore, treated as a legal nullity").

## II.    **DISCUSSION**

We dismiss Mr. Bunn's appeal of the summary judgment order as untimely and affirm the court's order to strike Mr. Bunn's motion to vacate. Because the timeliness of Mr. Bunn's appeal of the summary judgment order depends on our analysis of the order striking his motion to vacate, we first address (A) his challenge to the district court's order striking his motion to vacate and then address (B) his challenge to the summary judgment order.

### A.    *Order to Strike Motion to Vacate*

We affirm the district court's order to strike Mr. Bunn's motion to vacate.[13] Mr. Bunn waived a challenge to the order by failing to raise any argument in his opening brief. *See* Aplt. Br. at 1-21; *Sawyers v. Norton*, ___ F.3d ___, 2020 WL 3424927, at \*11 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed

---

WL 3470310, at \*3 (W.D. Okla. Jun. 25, 2020) (noting it was within "court's power to strike [a filing] for noncompliance with the [local] rules").

[13] On August 29, 2019, Mr. Bunn timely appealed the district court's July 1, 2019 order to strike his motion to vacate within the 60-day window required by Rule 4. *See* Fed. R. App. P. 4(a)(1)(B)(iii).

11

abandoned or waived." (quotations omitted)); *United States v. Akers*, 384 F. App'x

758, at *2 (10th Cir. 2010) (unpublished) (dismissing timely challenge as "waived"

where issue in notice of appeal was "not address[ed] . . . in [appealing party's]

brief").

Even if Mr. Bunn could challenge the order to strike based on his response to

Secretary Perdue's motion to dismiss, he would fail. *See* Doc. 10682645 at 1-5. He

has not shown the district court abused its discretion. *See Neely v. Ortiz*, 241 F.

App'x 474, 477 (10th Cir. 2007) (unpublished) ("[W]e review the order to strike for

abuse of discretion."); *see also SEC v. Smart*, 678 F.3d 850, 855 (10th Cir. 2012)

(reviewing district court's decision to strike declarations for abuse of discretion);

*McInnis v. Fairfield Cmtys., Inc.*, 458 F.3d 1129, 1147 (10th Cir. 2006) ("We review

a district court's application of its local rules for abuse of discretion.").

First, Mr. Rankin, who was not licensed to practice law in the District of New

Mexico, filed the motion. *See* D.N.M.LR-Civ 83.2, 83.3, 83.4. As noted by the

district court, Mr. Rankin's filings do not indicate he is a licensed attorney in any

jurisdiction. *See* App. at 74. Second, Mr. Bunn's attorneys never withdrew from his

case, so he could not proceed pro se. *See* D.N.M.LR-Civ. 83.5; *see also Fymbo*, 213

F.3d at 121; *Miles*, 572 F.3d at 837-38. Third, Mr. Bunn could not proceed with Mr.

Rankin as his non-attorney representative under Rule 17 because Mr. Bunn made no

showing of incompetence. *See* Fed. R. Civ. P. 17(c); N.M. Stat. Ann. § 45-5-303.

12

We therefore affirm the district court's order to strike Mr. Bunn's motion to vacate under the local rules of the District of New Mexico. *See Ysai*, 616 F. Supp. at 1184; *In re Hopkins*, 1998 WL 704710 at *3 n.6.[14]

### B. *Summary Judgment Order*

We grant Secretary Perdue's motion to dismiss Mr. Bunn's challenge to the district court's summary judgment order as untimely. Doc. 10678128 at 1-8; *see* Aplee. Br. at 14-17. Mr. Bunn, "the party claiming appellate jurisdiction[,] bears the burden of establishing our subject-matter jurisdiction." *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004). Because "[t]his Court can exercise jurisdiction only if a notice of appeal is timely filed," *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1239 (10th Cir. 2006); *see Bowles*, 551 U.S. at 214, we dismiss the appeal of this order for lack of jurisdiction.

Mr. Bunn did not timely appeal the district court's order granting summary judgment. The court issued its final judgment on June 3, 2019. App. at 48-72. Mr.

---

[14] Mr. Rankin filed several other post-judgment documents on Mr. Bunn's behalf. *See* Dist. Ct. Doc. 59, 60, 64, 66, 67, 69, 71, 73, 74. The district court struck them all as improper. *See* App. at 73-75 (striking Dist. Ct. Doc. 59, 60, 64), 76-77 (striking Dist. Ct. Doc. 66, 67, 69), 78 (striking Dist. Ct. Doc. 71), 79-80 (striking Dist. Ct. Doc. 73, 74). None of these filings could have tolled the time for Mr. Bunn to file a notice of appeal under Rule 4. *See* Fed. R. App. P. 4(a)(4)(A) (listing the kinds of timely filings that toll "the time to file an appeal"). Most of these documents were not the kinds of filings that toll the time to appeal. *See* Dist. Ct. Doc. 59, 60, 64, 66, 67, 71, 73, 74. For similar reasons stated regarding his motion to vacate, the untimely second motion to reconsider would not have tolled the time for Mr. Bunn to file a notice of appeal. *See* Dist. Ct. Doc. 69; *see also Bryant v. Parsons*, 399 F. App'x 322, 323 (10th Cir. 2010) (unpublished) (holding untimely post-judgment motions do not toll the time for filing a notice of appeal).

Bunn filed a notice of appeal on August 29, 2019.  Suppl. App. at 318.  Because Mr. Bunn sued a United States officer, Secretary Perdue, in his official capacity, Mr. Bunn had 60 days to file a notice of appeal.  Fed. R. App. P. 4(a)(1)(B)(iii).  He failed to do so, filing his appeal 87 days after the final judgment.

Mr. Bunn argues his notice of appeal was timely because he tolled the 60-day window to appeal with his motion to vacate, which was filed on June 27, 2019.  *See* Doc. 10682645 at 5.[15]  He argues the district court should not have struck his motion because "striking pleadings are usually disfavored."  *Id.* at 2.  He adds that "the court did not show how the Appellee was prejudiced by the improper filing of the motion." *Id.* at 4.

But, as explained above, the district court properly struck the motion to vacate, making it a nullity.  It therefore could not toll the 60-day appeal window.  *Air Line Pilots Ass'n*, 26 F.3d at 225; *see Noram Energy Corp.*, 1999 WL 961226, at *2-4. Mr. Bunn cites no authority showing that an improperly filed and struck post-judgment motion tolls the 60-day appeal period.  *See* Doc. 10682645 at 1-5; Aplt. Br. at 3.  Because Mr. Bunn's notice of appeal was untimely, we lack jurisdiction to

---

[15] In his response to the Secretary's motion to dismiss, Mr. Bunn states he filed the motion to vacate on June 28, 2019.  *See* Doc. 10682645 at 5.  The district court's docket lists the motion as filed on June 27, 2019.  *See* Suppl. App. at 267.  The filing was stamped with the date June 27, 2019.  *Id.*  We use the date from the district court's docket.  The outcome here is the same under either date.

consider his appeal of the district court's order granting summary judgment. *See*

*Bowles*, 551 U.S. at 214.[16]

### III.    **CONCLUSION**

Because Mr. Bunn's appeal of the summary judgment order was untimely, we

lack jurisdiction to consider it and dismiss that part of his appeal.  We affirm the

district court's order to strike Mr. Bunn's motion to vacate.

---

[16] After the court struck his motion to vacate on July 1, 2019, Mr. Bunn's attorneys had ample opportunity to refile a motion to vacate.  They also had 32 days to file a timely notice of appeal to challenge the summary judgment order.  *See* Fed. R. App. P. 4(a)(1)(B)(iii).