**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

WESLEY WAYNE PAPPAS,

    Plaintiff - Appellant,

v.

DRUG ENFORCEMENT AGENT
SHANNON MOHAM; ENGLEWOOD
POLICE DEPARTMENT OFFICER
EMELY CARRENO; ENGLEWOOD
POLICE DEPARTMENT OFFICER D.
HUME,

    Defendants - Appellees.

No. 24-1283
(D.C. No. 1:23-CV-03408-LTB-SBP)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

_____

In December 2023, Wesley Pappas, a pretrial detainee, filed pro se a

complaint against state and federal officers, alleging Fourth Amendment

violations under 42 U.S.C. § 1983 and _Bivens v. Six Unknown Named Agents of_

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] On May 10, 2024, the magistrate judge recommended that the complaint be dismissed as time barred and advised Pappas that he had fourteen days after service of the recommendation to serve and file any written objections to (1) obtain reconsideration by the district judge and (2) preserve the matter for appeal. R. vol. I, at 58 n.2. But Pappas did not file any objections until June 7, and by then, the district court had adopted the magistrate judge's recommendation and entered final judgment dismissing Pappas's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pappas now appeals that dismissal and requests leave to proceed in forma pauperis (IFP).

Exercising jurisdiction under 28 U.S.C. § 1291, we grant Pappas's request to proceed IFP, deny his motions requesting counsel, and affirm the district court's dismissal.[2]

## BACKGROUND

In the district court, Pappas asserted claims for false arrest, false imprisonment, and malicious prosecution against state and federal officers, stemming from his arrest on February 5, 2020. Two days after being arrested, Pappas was charged with a federal offense and an arrest warrant was issued. In

---

[1] Because Pappas proceeds pro se, we liberally construe his filings, but we do not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

[2] We also take notice of Pappas's "Motion of Service" filed on March 13, 2025.

December 2020, the district court held an evidentiary hearing on Pappas's motion to suppress, and it granted the motion because the government failed to prove the arrest was supported by probable cause. And on August 9, 2021, the court entered a Judgment of Acquittal following a jury trial.

As the magistrate judge correctly explained, Pappas's claims for false arrest and false imprisonment accrued by February 7, 2020, when there was a judicial determination of probable cause and the arrest warrant issued.[3] *See Wallace v. Kato*, 549 U.S. 384, 391 (2007) ("[T]he statute of limitations . . . commenced to run when [the plaintiff] appeared before the examining magistrate and was bound over for trial"). And his claim for malicious prosecution accrued by August 9, 2021, when the judgment of acquittal was entered in his criminal case. Based on these accrual dates, Pappas had until February 7, 2022, to file his claims for false arrest and false imprisonment, and he had until August 9, 2023, to file his claim for malicious prosecution. But he didn't file his complaint until December 22, 2023.

The magistrate judge ordered Pappas to show cause why his complaint should not be dismissed as time barred, and after reviewing Pappas's response

---

[3] For § 1983 claims, we borrow "the state law of limitations governing an analogous cause of action." *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 483–84 (1980). And a *Bivens* action is subject to the statute of limitations in the general personal injury statute of the state where the action arose. *See Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). In Colorado, the relevant statute of limitations for each is two years. *See Blake v. Dickason*, 997 F.2d 749, 750–51 (10th Cir. 1993).

and all the case filings, the magistrate judge recommended the district court dismiss the complaint. *See Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987) (explaining that a district court may dismiss a complaint sua sponte if the defect is "obvious from the face of the complaint"). The magistrate judge's recommendation advised Pappas that failure to file objections within fourteen days of service "may bar the party from a de novo determination by the District Judge" and "may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court." R. vol. I, at 58 n.2. When Pappas did not file any written objections by May 24, 2024, the fourteen-day deadline, the district court adopted the magistrate judge's recommendation and dismissed the complaint, entering final judgment on June 5, 2024. Two days later, Pappas filed objections to the magistrate judge's recommendation and requested either a settlement or appointment of counsel. The district court did not consider the objections because they were untimely, and it denied the motion because it had already dismissed the complaint.

On July 1, 2024, Pappas moved the court to reconsider its order dismissing the action. He asserted that he had filed two motions within the time allowed for filing objections to the recommendation but that both motions were returned to sender by the United States Postal Service, and he immediately resent both motions to the court with a written explanation. The district court construed the motion as being asserted under Federal Rule of Civil Procedure

4

59(e), which allows a plaintiff to move "to alter or amend a judgment" within "28 days after the entry of judgment." *Id.* at 87–88. The court denied the motion, pointing out that even if the returned motions could be construed as written objections to the magistrate judge's recommendation, Pappas hadn't signed the motions until after May 24, 2024, when it was already too late for written objections. Pappas acknowledged as much in the motion, writing, "I am aware that the objection deadline set on May 10 not to exceed 14 days has lawfully expired as of May 24, 2024, to no avail." Mot. at 8, *Pappas v. Moham*, No. 1:23-CV-03408-LTB-SBP (D. Colo. May 25, 2024), ECF No. 24.[4] Though it denied the motion, the court instructed the Clerk of Court to process the motion as a notice of appeal and granted the motion if Pappas sought to appeal the judgment. We now consider Pappas's timely appeal.

## DISCUSSION

Pappas challenges the district court's dismissal of his case. But before we may assess whether the dismissal was proper, we first must determine whether Pappas has waived his right to appeal.

"[W]e have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). So "failure to make timely objection to the

---

[4] Though not included in the record on appeal, we may take judicial notice of docket information from the district court. *See Bunn v. Perdue*, 966 F.3d 1094, 1096 n.4 (10th Cir. 2020); Fed. R. Evid. 201(b)(2).

magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* But this rule does not apply if "the interests of justice" require review. *Id.* So we issued an order to show cause as to whether Pappas had waived his right to appeal.

In his show-cause memorandum, Pappas asserts "that every deadline, order, [and] request made has been addressed[ and] responded to" and that he would not waive any of his appellate rights. App. Mem. Br. at 1, 6, ECF No. 11. But Pappas does not discuss his untimely objections to the magistrate judge's recommendation—other than to state, "I don't know why my legal mail has been being tampered with and or returned or lost"—or explain why the interests of justice require us to review his case. *Id.* at 6. Instead, he recounts the facts underlying his § 1983 and *Bivens* claims and the damage that the alleged false arrest/imprisonment and malicious prosecution have caused him. *Id.* at 2–6.

Turning to his other filings with this court, Pappas reiterates that he has exercised his due diligence and asserts that the U.S. Postal Service had returned several of his motions for the district court, resulting in his having to remail them. Misc. Correspondence at 1, ECF No. 36; Statement of Facts in Supp. of Claim at 1, ECF No. 41. In his Rule 59(e) motion, Pappas gave the same explanation, asserting that the returned mail was the reason his filings were untimely.

But as the district court found in its denial of Pappas's Rule 59(e) motion, the dates on Pappas's untimely motions indicate otherwise. Pappas's motion objecting to the magistrate judge's recommendations, filed on June 7, is dated June 4. Resp. to Obj. to Recommendation of U.S. Mag. J. at 1, 8, *Pappas v. Moham*, No. 1:23-CV-03408-LTB-SBP (D. Colo. June 4, 2024), ECF No. 22; R. vol. I, at 88. So even using the date Pappas wrote on the motion, it is still untimely. The other motions, also filed on June 7, are dated June 3 and May 25.[5] Letter at 1, 9, *Pappas v. Moham*, No. 1:23-CV-03408-LTB-SBP (D. Colo. June 3, 2024), ECF No. 23; Mot. at 1, 9, *Pappas v. Moham*, No. 1:23-CV-03408-LTB-SBP (D. Colo. May 25, 2024), ECF No. 24. So those motions are also untimely.

Because having to remail his filings is the only explanation Pappas offers for his untimely objections, he cannot establish that the interests of justice require us to review his appeal. Intentional or not, Pappas "waive[d] appellate review of both factual and legal questions" relating to the dismissal of his complaint. *Moore*, 950 F.2d at 659.

---

[5] The first page of the motion is dated May 25, but the last page of the motion is dated May 29. Mot. at 1, 9, *Pappas v. Moham*, No. 1:23-CV-03408-LTB-SBP (D. Colo. May 25, 2024), ECF No. 24. We give Pappas the benefit of the doubt and assume it was written on May 25. But using either date, the motion is untimely.

7

**CONCLUSION**

For these reasons, we **GRANT** Pappas's request to proceed IFP, **DENY** his requests for counsel**,** and **AFFIRM** the district court's dismissal.[6]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[6] We remind Pappas that though we grant his request to proceed IFP, he is still obligated to continue making partial payments until the entire filing fee has been paid.