**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NEWTON JR. COOK,

　　　　　Plaintiff-Appellant,

　　v.

JOE R. WATKINS and TERRY
PARKS,

　　　　　Defendants-Appellees.

No. 08-7086

Eastern District of Oklahoma

(D.C. No. CIV-08-034-KEW)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

---

　　　Plaintiff-Appellant Newton Jr. Cook, a *pro se* civil litigant, appeals the

district court's grant of Defendants-Appellees' motions to dismiss. We exercise

jurisdiction under 28 U.S.C. § 1291 and affirm.

---

　　　[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Newton Jr. Cook commenced this civil action by filing a form complaint in January 2008 against Defendants Terry Parks, Undersheriff for Choctaw County, and Joe Watkins, Assistant District Attorney for Choctaw County. This complaint, along with the various pleadings that followed, was only semi-coherent and contained little or no factual basis for relief. In response to the complaint, Mr. Parks and Mr. Watkins filed motions to dismiss, arguing, *inter alia*, that the complaint failed to state a claim on which relief could be granted and that it was too vague and ambiguous. The court denied these motions, but granted Mr. Watkins' alternative motion for more definite statement. The court held a scheduling conference at which it explained to Mr. Cook that he must set forth factual allegations in his complaint and ordered him to file an amended complaint containing more factual substance. Mr. Cook filed his amended complaint, and Mr. Parks and Mr. Watkins again filed motions to dismiss. Having failed to file a timely response to these motions, Mr. Cook was directed by the court to show cause as to why the motions should be denied. After Mr. Cook filed a response, the district court requested separate responses addressing each of the motions to dismiss, which Mr. Cook subsequently filed. The court granted both motions to dismiss in March 2008.

## II. Discussion

Each of Mr. Cook's various pleadings consisted almost entirely of legal conclusions with very few facts and no clear claims for relief. We commend the district court not only for its numerous attempts to extract coherent facts and claims from Mr. Cook, but also for its analysis of what it discerned those claims to be. Although it is not entirely clear what claims Mr. Cook attempts to bring, it is clear that each of them is barred by some combination of implausibility, failure to state a claim on which relief can be granted, and failure to file within the statute of limitations.

As did the district court, we recognize the importance of allowing a *pro se* plaintiff in a civil rights matter to be heard. Because Mr. Cook proceeds *pro se*, we construe his pleadings liberally. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). Nevertheless, liberality has its limits. We will not take on the role of advocate for Mr. Cook, and he is still bound by the Federal Rules of Appellate Procedure. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Mr. Cook's short brief on appeal consists almost entirely of legal conclusions, with his "Statement of Issues" section containing only quotes from various amendments of the Constitution. We can identify only two actual facts recited in Mr. Cook's brief—neither of which was raised in the district court. In sum, neither Mr. Cook's pleadings with the district court nor his brief with this court provide any plausible basis on which relief can be granted.

### III. Conclusion

The judgment of the United States District Court for the Eastern District of Oklahoma is therefore **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge