FILED
United States Court of Appeals
Tenth Circuit

May 18, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EDWARD ALLEN,

       Plaintiff-Appellant,

v.

ARISTEDES ZAVARAS; UNKNOWN
STERLING CORRECTIONAL
MEDICAL STAFF; DR. KREBS,

       Defendants-Appellees.

No. 11-1435
(D.C. No. 1:10-CV-01510-CMA-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

Edward Allen, a Colorado inmate proceeding pro se, is incarcerated by the

Colorado Department of Corrections at the Sterling Correctional Facility in Sterling,

Colorado. He asserts that Warden Aristedes Zavaras and Dr. Stephen Krebs were

deliberately indifferent to his serious medical needs when they failed to diagnose

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

or to allow a diagnosis of his lung problem.[1]  He filed suit under 42 U.S.C. § 1983.  The district court granted summary judgment in defendants' favor.  Mr. Allen appeals and requests leave to proceed in forma pauperis (IFP).  We exercise jurisdiction under 28 U.S.C. § 1291, grant his request to proceed on appeal IFP, and affirm.

## I.  BACKGROUND

We view the facts in the light most favorable to Mr. Allen, the party opposing summary judgment.  *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).  The magistrate judge gave a detailed factual account; therefore, we provide only a brief description of the facts.

In October 2009, Mr. Allen complained of chest pain.  He was examined and evaluated on several occasions by prison medical personnel in October, November, and December of 2009.  He was prescribed Motrin for pain.  On November 6, 2009, he had a CT scan of his chest that revealed a nodule measuring 13 x 14 millimeters.  On January 4, 2010, prison medical personnel requested a repeat chest CT scan, but the request was denied because it did not

---

[1]   In addition to the named defendants, the complaint caption named as defendants "Unknown Sterling Correctional Medical Staff," R. at 5, but Mr. Allen does not pursue claims against any unnamed defendants.  Courts generally permit a plaintiff to use unnamed defendants, but the plaintiff must "provide[] an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996).  Given that the unnamed defendants were merely included in the caption of the amended complaint, we do not consider them.

include adequate clinical information to justify the scan. Accordingly, a second request with the necessary clinical information for a repeat chest CT scan was submitted on March 3, 2010. This request was approved on March 11, and Mr. Allen had a repeat chest CT scan on April 2, 2010. The nodule was no longer visible and the previously documented nodule was diagnosed as probable atelectasis.[2] No follow-up testing was indicated. Mr. Allen received Motrin, as well as training for managing his pain, from the prison clinic personnel.

In his complaint, Mr. Allen asserted that Dr. Krebs was an employee of Physician Health Partners and that it was Dr. Krebs who denied the initial request for the second chest CT scan.[3] Mr. Allen further alleged that after the second CT scan, medical personnel would not explain the results to him. Thus, he claimed that Dr. Krebs "refuse[d] to allow a diagnos[i]s of the plaintiff's lung problem." R. at 8.[4] According to Mr. Allen, Dr. Krebs was deliberately indifferent to his

---

[2] "Atelectasis is a small area of the lung that is no longer moving air and subsequently collapses." R. at 82.

[3] Dr. Krebs is considered a governmental employee who can be held liable for violations of the Eighth Amendment because the state has delegated to him penological medical functions. *See Smith v. Cochran*, 339 F.3d 1205, 1215-16 (10th Cir. 2003) (collecting cases).

[4] On appeal, Mr. Allen asserts that he was denied needed pain medication from January 2010 until July 2010, and that his lung problem may have been caused by "being gassed" upon his arrival at the correctional facility. *See, e.g.*, Aplt. Reply Br. at 5, 6. These claims were not raised in the district court; therefore, we do not consider them. *See Ark Initiative v. U.S. Forest Serv.*, 660 F.3d 1256, 1261 (10th Cir. 2011) (stating claims not preserved in the district court "are forfeited and may not be appealed").

serious medical needs. Mr. Allen also sought injunctive relief against Warden Zavaras, claiming that the warden could order the medical personnel to diagnose and treat him.

Defendants filed a motion for summary judgment supported by an affidavit from expert medical witness Paula Frantz, M.D. Dr. Frantz opined, among other things, that the delay in the second chest CT scan was caused by the prison medical personnel's failure to provide adequate information to Physicians Health Partners; the appropriate treatment for Mr. Allen's condition was Motrin as needed; the evaluation and treatment Mr. Allen received was medically appropriate; and Mr. Allen did not suffer any injury, permanent disability, or pain due to the delay in obtaining the second chest CT scan.

A magistrate judge recommended granting defendants' motion for summary judgment. Following a de novo review, the district court adopted the magistrate judge's recommendation and granted summary judgment in favor of defendants. On appeal, Mr. Allen challenges various discovery and evidentiary rulings made by the magistrate judge, as well as the merits determination on summary judgment. He also asserts that the magistrate judge was biased against him and failed to allow him to file an amended complaint. Mr. Allen is representing himself on appeal, so his filings will be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## II.  DISCUSSION

### A.  Discovery and Evidentiary Rulings

Mr. Allen challenges several orders by the magistrate judge denying his motions concerning discovery.  Specifically, he twice sought an extension of the deadline for completing discovery and moved to compel discovery.  He further claims that the magistrate judge improperly received and considered the affidavit of Dr. Frantz.  He also contends that the magistrate judge should have dismissed defendant's summary judgment motion because it was filed one day past the deadline for filing dispositive motions.  We review those rulings for an abuse of discretion. *Rural Water Dist. No. 4 v. City of Eudora*, 659 F.3d 969, 975 (10th Cir. 2011) (reviewing evidentiary rulings for an abuse of discretion); *Skrzypczak v. Roman Catholic Diocese of Tulsa*, 611 F.3d 1238, 1242 (10th Cir. 2010), *cert. denied*, 132 S. Ct. 1088 (2012) (reviewing for an abuse of discretion district court's denial of request for an extension of time to complete discovery); *Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) ("District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties), and their decisions are reviewed only for abuse of discretion."  (internal quotation marks omitted)); *Norton v. City of Marietta*, 432 F.3d 1145, 1156 (10th Cir. 2005) (reviewing district court's ruling on motion to compel for abuse of discretion).

The motions to extend the discovery deadline and the motion to compel were based on Mr. Allen's view that defendants would need more time to answer his

discovery requests and that they failed to provide adequate answers. The magistrate judge declined to extend the discovery deadline, and denied the motion to compel, because the materials requested by Mr. Allen either had been provided to him or were unavailable. Mr. Allen has failed to show any prejudice from the magistrate judge's denial of the relief he requested concerning discovery. Therefore, he is not entitled to relief. *Alpine Bank v. Hubbell*, 555 F.3d 1097, 1114 (10th Cir. 2009). Although Mr. Allen asserts on appeal that he wanted more time to serve additional discovery requests, he did not make this claim to the district court and, thus, has forfeited it. *See Ark Initiative v. U.S. Forest Serv.,* 660 F.3d 1256, 1261 (10th Cir. 2011) (stating claims not preserved in the district court "are forfeited and may not be appealed").

Mr. Allen next challenges Dr. Frantz's affidavit on the ground that she never examined him, so her opinion should have been stricken. He offers no legal authority for this position. Dr. Krantz's affidavit identified specific supporting facts and provided a medical basis for her opinion. *See* R. at 77-82. Therefore, the district court did not abuse its discretion in considering it. *Cf. Fitzgerald v. Corrs. Corp. of Am.*, 403 F.3d 1134, 1143 (10th Cir. 2005) (holding physician's affidavit was insufficient to support summary judgment because it contained only conclusory allegations without specific supporting facts).

We also find no abuse of discretion in the magistrate judge's decision not to strike defendants' motion for summary judgment as untimely. It is undisputed that the motion was filed electronically on the deadline. Mr. Allen complains that it was

not placed in the mail to him until the next day, but he has not identified any prejudice to him caused by the one-day delay. *See Alpine Bank*, 555 F.3d at 1114.

## B. Summary Judgment–Deliberate Indifference to Serious Medical Needs

We review de novo the district court's grant of summary judgment. *Sealock*, 218 F.3d at 1209. Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Deliberate indifference to a prisoner's serious illness involves an objective and a subjective element. *Sealock*, 218 F.3d at 1209. The objective element is fulfilled if a medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (internal quotation marks omitted). "The subjective [element] is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.'" *Sealock*, 218 F.3d at 1209 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

In recommending summary judgment in favor of Dr. Krebs, the magistrate judge determined that Mr. Allen had not adduced any evidence to satisfy the subjective component. The magistrate judge further concluded that Mr. Allen's allegations of delay in medical care did not rise to the level of a constitutional violation. As to Warden Zavaras, the magistrate judge recommended summary

- 7 -

judgment in his favor because Mr. Allen failed to establish that he was entitled to any relief under the Eighth Amendment and, furthermore, could not hold the warden liable under § 1983 on a theory of supervisor liability. The district court adopted the recommendations and granted summary judgment to defendants.

We have reviewed the record, the parties' briefs, and the applicable law. We affirm the summary judgment for substantially the same reasons given by the magistrate judge and the district court.

### C.  Judicial Bias and Amendment of Complaint

Mr. Allen also contends that the magistrate judge was biased against him and failed to allow him to amend his complaint. His bias argument is based solely on adverse rulings. "Adverse rulings alone do not demonstrate judicial bias." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). As for amendment of the complaint, Mr. Allen does not assert that he requested leave to amend. We find no abuse of discretion in the district court's lack of an invitation to file an amended complaint. *Cf. Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (finding no abuse of discretion in refusing to allow amended complaint where plaintiff did not explain how amendment would cure deficiencies in his complaint).

### III.  CONCLUSION

The judgment of the district court is AFFIRMED.  Although we grant Mr. Allen's motion to proceed IFP on appeal, we remind him of his obligation to continue making partial fee payments until the filing fee has been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge