FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 4, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

MARQUISE MILLER,

    Plaintiff - Appellant,

v.

OKLAHOMA DEPARTMENT OF
HUMAN SERVICES; KATIE SNIDER,
in her official and individual capacities;
PAM LAFERNEY, in her official and
individual capacities; DEANNA
NICHOLS, in her official and individual
capacities; JOAN WEST, in her official
and individual capacities,

    Defendants - Appellees.

No. 23-6119
(D.C. No. 5:22-CV-00507-D)
(W.D. Okla.)

_____

**ORDER**

_____

Before **MATHESON**, **BALDOCK**, and **McHUGH**, Circuit Judges.

_____

This matter is before the court on Appellant's Petition for Panel Rehearing and

Suggestion for Rehearing En Banc, in which Mr. Miller clarified one of his appellate

arguments.  We grant the petition for panel rehearing as to Section II.A. of the order

and judgment entered on May 9, 2024, and deny it in all other respects.  We vacate

the May 9, 2024, order and judgment and issue in its place the attached modified

order and judgment.

The petition for rehearing en banc was transmitted to all of the judges of the court who are in regular active service.  As no member of the panel and no judge in regular active service on the court requested that the court be polled, that petition is denied.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**June 4, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

MARQUISE MILLER,

    Plaintiff - Appellant,

v.

OKLAHOMA DEPARTMENT OF
HUMAN SERVICES; KATIE SNIDER,
in her official and individual capacities;
PAM LAFERNEY, in her official and
individual capacities; DEANNA
NICHOLS, in her official and individual
capacities; JOAN WEST, in her official
and individual capacities,

    Defendants - Appellees.

No. 23-6119
(D.C. No. 5:22-CV-00507-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Marquise Miller, proceeding pro se, appeals from the district court's dismissal of his civil rights suit brought under 42 U.S.C. § 1983. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

## I. BACKGROUND

Mr. Miller owns a childcare center licensed by the Oklahoma Department of Human Services ("OKDHS"). The center contracts with OKDHS to provide subsidized childcare services. Starting in 2019, OKDHS increased its oversight of the center. On certain visits, OKDHS employees cited the center for both serious and non-serious violations. OKDHS initiated a process that could lead to revoking the center's license.

### A. *Original Complaint*

In 2022, Mr. Miller sued OKDHS. He also named four OKDHS inspectors in both their official and individual capacities. His suit complained about the increased oversight of his center and the possibility of losing his license. He alleged that OKDHS did not treat certain other centers similarly. Mr. Miller, who is Black, claimed the Defendants violated his equal protection and substantive due process rights under the Fourteenth Amendment and also claimed they violated 42 U.S.C. § 1981. He requested money damages and injunctive relief.

---

[1] Because Mr. Miller appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

OKDHS and the individual Defendants filed motions to dismiss, which the district court granted. The court held Eleventh Amendment immunity barred the claims against OKDHS and the claims for money damages against the individual Defendants in their official capacities. It dismissed the remaining claims against the individual Defendants, holding the complaint failed to state a claim. The court noted that the complaint failed to specify "*who* is alleged to have done *what* to *whom*," and that "Plaintiff repeatedly refers to 'Defendants' collectively and fails to articulate with specificity the actions taken by the Individual Defendants that allegedly violated his rights." ROA at 149 (quotations omitted). The court granted Mr. Miller the opportunity to file an amended complaint against the individual Defendants.

## B. *Amended Complaint*

Mr. Miller's amended complaint named the individual Defendants only in their individual capacities.[2] It alleged that they had treated his childcare center more harshly than other centers based on "his race, age, and gender," ROA at 171, and that they were "motivated by racial animus," ROA at 176-77. The amended complaint reasserted his equal protection, substantive due process, and § 1981 claims.

On November 28, 2022, the last day for the Defendants to respond to the amended complaint, they electronically filed a motion to dismiss for failure to state a claim. The paper copy served on Mr. Miller was postmarked November 29, 2022.

---

[2] Mr. Miller has not challenged the dismissal of the OKDHS. This appeal concerns only his amended complaint against the individual Defendants. We will refer to them as the "Defendants."

3

Before filing a response to the motion to dismiss, Mr. Miller moved simultaneously to strike the motion and for entry of default judgment. Based on the November 29 postmark, he contended the motion to dismiss was untimely because the Defendants had served him one day after their filing deadline. The district court denied both of Mr. Miller's motions, primarily holding that the Defendants' motion to dismiss was not a "pleading" under Federal Rule of Civil Procedure 12(f), which authorizes striking materials "from a pleading."

Mr. Miller then filed his response to the Defendants' motion to dismiss. Among other arguments, he asserted that because he "is a class of one equal protection plaintiff, not a disparate treatment plaintiff," he did not have to show that the Defendants supervised the other childcare centers that were similarly situated to his center. ROA at 293.

The district court granted the Defendants' motion to dismiss. It did not address Mr. Miller's "class of one" assertions and instead said his claims alleged discrimination based on "his age, race, and gender." ROA at 333. The court, concluding that the amended complaint failed to state a claim, said "Although Plaintiff's amended complaint includes additional allegations, in general, these allegations amount to 'labels and conclusions' and thus, are not entitled to a presumption of truth." ROA at 335 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Mr. Miller alleged that OKDHS treated two other childcare centers more favorably than his own, but the court said that he "fails, at any point, to discuss the

4

Individual Defendants' involvement with either facility." ROA at 336. "As before, Plaintiff again attempts to attribute the collective actions of the Oklahoma Department of Human Services to the Individual Defendants." ROA at 337. The court thus held that "Plaintiff's allegations, construed liberally, do not allow the Court to draw a reasonable inference that the Individual Defendants violated Plaintiff's statutory or constitutional rights." *Id.*

After declining to allow further leave to amend, the district court dismissed the claims against the Defendants and entered judgment in favor of all the Defendants. Mr. Miller timely appealed.

## II. **DISCUSSION**

On appeal, Mr. Miller challenges the district court's (A) denial of his motion to strike the Defendants' motion to dismiss the amended complaint and of his motion for default judgment, (B) treatment of him as a pro se litigant, (C) dismissal of the amended complaint, and (D) failure to address his "class of one" claim. We affirm on all issues.

### A. *Denial of Motion to Strike and Motion for Default Judgment*

Mr. Miller first argues that the district court erred in denying his motions (1) to strike the Defendants' motion to dismiss the amended complaint and (2) for default judgment.[3]

---

[3] Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining a default judgment. A plaintiff first must obtain an entry of default under Rule 55(a), generally from the clerk, and then must move for a default judgment under Rule 55(b). We treat Mr. Miller's motion as one for default judgment.

5

"We review the denial of a motion to strike for abuse of discretion." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1129 (10th Cir. 2011); *see Fowler Bros. v. Young* (*In re Young*), 91 F.3d 1367, 1377 (10th Cir. 1996).  We also review the denial of a default judgment for abuse of discretion.  *See Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010).  Under the abuse-of-discretion standard, "we will not disturb the district court's decision unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *State ex rel. Kobach v. U.S. Dep't of Interior*, 72 F.4th 1107, 1124 (10th Cir. 2023) (quotations omitted).

1.  **Additional Procedural History**

The Defendants' motion to dismiss was due on November 28, 2022.  They electronically filed it on that day and sent it to Mr. Miller by e-mail.  As Mr. Miller points out, however, the paper copy served on him was postmarked November 29, 2022.  He filed his motions to strike and for default judgment on December 9, 2022.

In his motion to strike, Mr. Miller asserted that the Defendants' motion was untimely because, based on the postmark, they served him one day after the filing deadline.  In his motion for entry of default, he requested default judgment, or that the court strike the motion to dismiss and require the Defendants to file an answer.

The district court held that Rule 12(f) allows the court to strike materials "from a pleading," and a motion to dismiss is not a pleading.  *See, e.g., Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) ("Generally, motions, briefs, and memoranda may not be attacked by a motion to strike." (ellipsis and quotations

6

omitted)).  The district court recognized it could strike filings that did not comply with the local rules, but declined to do so, stating, "Because Defendants' motion complies with local rules, this is not a basis upon which to grant Plaintiff's motion to strike."  ROA at 282 n.2.  It denied the motion to strike and denied the motion for entry of default as moot.

2.  **Analysis**

For purposes of this appeal, we assume the Defendants' service of the paper copy was one day late and that the late service on Mr. Miller meant the Rule 12(b)(6) motion was untimely.  We reject, however, Mr. Miller's assertion that the district court erred in refusing to strike the late motion and to grant a default.

First, the district court may, but is not required, to strike a response to a pleading.  *See Bunn*, 966 F.3d at 1099 (recognizing "a court *may choose* to strike a filing" (emphasis added) (brackets and quotations omitted)).  "District courts are afforded great discretion regarding control of the docket and parties."  *Id.* (brackets and quotations omitted).  The Defendants filed their motion with the court electronically and emailed it to Mr. Miller on the deadline date.  He has not shown that the one-day delay in mailing the paper copy to him prejudiced him in any way.[4] In these circumstances, the district court did not abuse its discretion in denying the motion to strike.  *See Allen v. Zavaras*, 483 F. App'x 411, 414 (10th Cir. 2012)

---

[4] In fact, he informs this court that he never opened the paper copy that was mailed to him.  Aplt. Opening Br. at 3.  Yet he was able to file his motions to strike and for default and later file a substantive response to the motion to dismiss.

(upholding decision not to strike motion as untimely because it was filed electronically on the deadline and plaintiff failed to identify any prejudice caused by one-day delay in mailing to him).[5]

Second, although the district court deemed the motion for default to be moot once it denied the motion to strike, the motion for default was not well-taken.

"Default judgments are not favored by courts." *Harvey v. United States*, 685 F.3d 939, 946 (10th Cir. 2012) (brackets and quotations omitted). "A claimant is not entitled to a default judgment as a matter of right." 10 James Wm. Moore, et al., *Moore's Federal Practice* § 55.31[1] (3d ed. 2024). "[I]f defendant appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default." 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2682 (4th ed. 2016). By filing their motion to dismiss, even if one day late, the Defendants indicated a desire to contest the action.

Further, "[i]t is appropriate for the court to deny a default judgment when the party's failure to plead is merely technical or its effect is de minimis." 10 *Moore's Federal Practice* § 55.31[2]; *see also* 10A *Federal Practice & Procedure* § 2685 (noting that relevant factors include "whether the default is largely technical" and "whether plaintiff has been substantially prejudiced by the delay involved"). "This may be the case, for example, when a responsive pleading is technically late, but the

---

[5] Although this unpublished decision is not binding, we rely on it for its persuasive value. *See, e.g.*, *United States v. Engles*, 779 F.3d 1161, 1162 n.1 (10th Cir. 2015).

lateness does not prejudice the opposing party and, at the time of the motion seeking default judgment, the defaulting party has answered . . . ." 10 *Moore's Federal Practice* § 55.31[2] (collecting cases). That was the situation here.

Finally, the factors relevant to granting a default judgment include "[t]he merits of plaintiff's substantive claim" and "[t]he sufficiency of the complaint." *Id.* We have held that, "even in default, a defendant is not prohibited from challenging the legal sufficiency of the admitted factual allegations. The judgment must be supported by a sufficient basis in the pleadings." *Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016). "Once default is entered, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Bixler*, 596 F.3d at 762 (quotations omitted). When a plaintiff's claims are subject to dismissal, the district court does not abuse its discretion in refusing to enter a default judgment. *See id.* As discussed in Section II.C. below, Mr. Miller's claims are subject to dismissal under Rule 12(b)(6). That alone would have required the district court to deny a default judgment. *See id.*; *see also* 10 *Moore's Federal Practice* § 55.31[2] ("[W]hen the plaintiff's claims clearly lack merit, denial of a default judgment is the proper course of action for a court.").

For these reasons, we affirm the denial of Mr. Miller's motions to strike and for default.

B. *Consideration Due a Pro Se Litigant*

Mr. Miller next argues the district court ignored that as a pro se litigant, he was entitled to (1) liberal construction of his complaint, (2) multiple opportunities to amend his complaint and a determination whether further amendments would be futile, and (3) an opportunity to be heard in a civil rights matter.

First, the district court expressly acknowledged its obligation to construe a pro se litigant's filings liberally. *See, e.g.*, *James*, 724 F.3d at 1315. It said so at the beginning of its dismissal order, *see* ROA at 332 n.2, and later reiterated that it was reading Mr. Miller's allegations liberally and viewing the allegations in the light most favorable to him, *see* ROA at 337. We see no ground to conclude the district court failed to afford him the benefit of liberal construction. *See Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1258 (10th Cir. 2022) (finding "no reason to question the district judge's word"), *cert. denied*, 143 S. Ct. 1022 (2023).

Second, the district court gave Mr. Miller an opportunity to amend. It denied a second opportunity only after determining Mr. Miller had not corrected the deficiencies in his original complaint and noting he had not requested further leave to amend.

We review a denial of leave to amend for abuse of discretion. *See Quintana v. Santa Fe Cnty. Bd. of Commr's*, 973 F.3d 1022, 1033 (10th Cir. 2020). Although "leave to amend shall be freely given," especially where a party is proceeding pro se, *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998), the court did not abuse its discretion in declining to give him a second shot at amendment, even without

10

expressly determining that amendment would be futile. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (listing, among other reasons justifying denial of leave to amend, "failure to cure deficiencies by amendments previously allowed"); *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("[N]ormally a court need not grant leave to amend when a party fails to file a formal motion.").

Mr. Miller relies on our statement in *Maynard v. Fallin*, 564 F. App'x 943, 946 (10th Cir. 2014) (unpublished), that "we provide reasonable opportunities for pro se litigants to cure defects in their pleadings," and on our reference in *Frank* to "amendments previously allowed," 3 F.3d at 1365, stressing the plural use of "opportunities" and "amendments." Mr. Miller overreads this language. This court has not required district courts to give a pro se plaintiff multiple opportunities to amend.

Third, Mr. Miller says this court has "'recognize[d] the importance of allowing a pro se plaintiff in a civil rights matter to be heard.'" Aplt. Opening Br. at 11 (emphasis omitted) (quoting *Cook v. Watkins*, 312 F. App'x 112, 113 (10th Cir. 2009)). But the district court allowed Mr. Miller to be heard. He responded to the Defendants' motions to dismiss and amended his complaint.

## C. *Dismissal of the Amended Complaint*

Mr. Miller next challenges the dismissal of his amended complaint. We review the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) de novo, asking "whether the factual allegations in the complaint, if accepted as true,

11

allege a plausible claim for relief." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1236 (10th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-57 (2007)).[6] A pleading "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The district court said that "Plaintiff again attempts to attribute the collective actions of the Oklahoma Department of Human Services to the Individual Defendants." ROA at 337. Thus, "Plaintiff's allegations, construed liberally, do not allow the Court to draw a reasonable inference that the Individual Defendants violated Plaintiff's statutory or constitutional rights." *Id.* Mr. Miller challenges this conclusion, stating that multiple paragraphs in the amended complaint "put[ ] each individual Defendant on notice." Aplt. Opening Br. at 11-12. He states that he "cannot find one time where he referred to Defendants collectively as Defendants in his amended complaint, as the district court claims." *Id.* at 12.

The crux of Mr. Miller's amended complaint is that OKDHS treated his childcare center less favorably than other centers. The Defendants are liable only for

---

[6] The plausibility standard set forth in *Twombly* and *Iqbal* replaced the "no set of facts" standard originally established in *Conley v. Gibson*, 355 U.S. 41 (1957). *See Twombly*, 550 U.S. at 562-63 ("*Conley*'s 'no set of facts' language has been questioned, criticized, and explained away long enough. . . . [T]his famous observation has earned its retirement.").

12

their own actions. *See Schneider v. City of Grand Junction*, 717 F.3d 760, 767-68 (10th Cir. 2013). Thus, Mr. Miller must plead facts showing that the Defendants named in the amended complaint, not OKDHS as a whole, treated other childcare centers more favorably.

The amended complaint lacks facts showing that any Defendant dealt with the other childcare centers. Factual support is absent for statements such as "[Defendant] applies a different set of standards for non-minority owned and/or operated childcare centers than for black owned and operated ones" and "[Defendant] enforced a much stricter set of standards and policies on Mr. Miller's childcare facility" than on other facilities. ROA at 156.[7]

The amended complaint's descriptions of the violations that allegedly occurred at the other childcare centers refer to "OKDHS" collectively. *See, e.g.*, ROA at 157 ("OKDHS determined"); ROA at 158 ("OKDHS received a complaint"); ROA at 159 ("OKDHS observed"); ROA at 160 ("OKDHS substantiated"); ROA at 166

---

[7] In his reply brief, Mr. Miller alleges that Defendant Pam Laferney is the regional programs supervisor for all childcare centers in the county, including the centers discussed in the amended complaint. He did not plead this fact in the amended complaint. We evaluate the sufficiency of a complaint based on its allegations. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) ("[I]n determining whether to grant a motion to dismiss, the district court, and consequently this court, are limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint. Therefore, extraneous arguments in an appellate brief may not be relied upon to circumvent pleading defects." (citation omitted)). Moreover, it is insufficient to allege a defendant was a supervisor without further alleging facts to establish the defendant's personal participation. *See Schneider*, 717 F.3d at 767-68.

("OKDHS does not apply the same standards to all childcare centers"); *id.* ("OKDHS did not come back for a follow up visit"); ROA at 167 ("OKDHS did not require a witness to accompany Licensing staff"). It fails to connect the Defendants to those alleged violations. *See* ROA at 160 ("La Petite's daycare center's Monthly Frequency plan was not changed . . . ."); ROA at 161 ("Katie Snider used different policies and standards when evaluating Mr. Miller's childcare center than what was used evaluating white owned and/or operated daycare centers."); ROA at 162 ("La Petite daycare center was not put on a plan that could lead to licensure revocation."); ROA at 167 ("Playtime (+) was not requested to have a conference with OKDHS . . . .").

The district court therefore did not err in concluding that Mr. Miller "again attempts to attribute the collective actions of the Oklahoma Department of Human Services to the Individual Defendants," ROA at 337, or in holding that the amended complaint failed to state plausible claims against the Defendants.

## D. *"Class of One"*

Finally, Mr. Miller complains that the district court failed to address his "class of one" claim. As he acknowledges, he did not raise "class of one" in his amended complaint but in his response to the Defendants' motion to dismiss. *See* Aplt. Opening Br. at 13 (stating Mr. Miller raised his "class of one" allegations "[o]n pages 5-11 of Doc. No. 24," which was his response to the Defendants' motion to dismiss). Rather than pleading he was a class of one, his amended complaint alleged a violation of equal protection based on his "race, age, and gender." ROA at 171. The

14

district court addressed that allegation.  It was not required to address allegations not appearing in the amended complaint.

## III. **CONCLUSION**

We affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge